MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2016 ME 125
Docket:        Aro-16-12
Submitted
  On Briefs:   July 20, 2016
Decided:       August 9, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

IN RE MAGDALENA F. et al.

PER CURIAM

[¶1] The mother and father of Magdalena F., Rhiannon F., and Robert F. appeal from a judgment of the District Court (Caribou, *Soucy, J.*) terminating their parental rights pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2) (2015). We affirm the judgment.[1]

[¶2] In a judgment issued in January 2016 following a three-day hearing held in July and August 2015, the court found by clear and convincing evidence that both parents have failed to make a good faith effort to rehabilitate and reunify with the children and that termination is in the best interest of each child. *See id.* § 4055(1)(B)(2)(a), (b)(iv). The court also found that neither parent is willing and able to protect the children from jeopardy and that these circumstances are unlikely to change within a time reasonably

---

[1] We also deny the mother's request for oral argument, *see* M.R. App. P. 11(g)(1).

2

calculated to meet the children's needs; that the mother has been unwilling and unable to take responsibility for the children within a time reasonably calculated to meet the children's needs; and that the father acknowledged that he is not presently able to take responsibility for the children.[2]  *See id.* § 4055(1)(B)(2)(b)(i)-(ii).

[¶3]   The court made the following factual findings, which are supported by competent evidence in the record.  *In re Hannah S.*, 2016 ME 32, ¶ 3, 133 A.3d 590.

[¶4]  In February 2014, the Department initiated this child protection proceeding because of parental neglect and the threat of neglect.  The children have been in the custody of the Department since that time, and in fact the children previously were in the Department's custody from April 2010 to March 2012 for the same reasons.

[¶5]   Each of the children has special needs and "require[s] extraordinary levels of care."  Each suffers from reactive attachment disorder, which is usually caused by the failure to develop healthy relationships in early

---

[2]  The court did not expressly state the standard of proof by which it made these two particular determinations of parental unfitness.  The termination order makes clear, however, that the court was fully aware that the Department was required to prove parental unfitness by clear and convincing evidence, and in fact the court explicitly invoked that standard when it found parental unfitness as defined in 22 M.R.S. § 4055(1)(B)(2)(b)(iv) (2015).  Neither parent challenges the judgment on the basis that the court failed to explicitly state the standard of proof for *each* finding of parental unfitness, and any such challenge would be unavailing.

childhood. Each child acts "aggressively, disruptively, and defiantly." The oldest child, now nine years old, has engaged in extreme behavior that led to her admission into a crisis stabilization facility. Because of conflicts with her brother, who is the youngest child, those two children cannot reside together. The parents have not provided her with the "patience, stability, positive regard, and unconditional love" that she needs, and the parents cannot consistently do so now. The middle child, who is seven years old, acts even more "disruptively, defiantly, and aggressively" than her older sister. She is diagnosed with post-traumatic stress disorder, is engaged in therapy and other services, and needs "consistency and a highly structured environment," which the parents are unable to provide. The youngest child, who also is diagnosed with post-traumatic stress disorder, is six years old. He was once admitted into a psychiatric facility, and he frequently acts in an impulsive and "extremely aggressive" manner, requiring "constant and close supervision" to keep him safe.

[¶6] Efforts to reunify the children with their parents were unsuccessful. The parents were not engaged or cooperative during the reunification process and, as the court found, failed to provide the patience, structure, and stability that the children need.

4

[¶7]    Although the mother has acknowledged that she locked the children in their room for extended periods of time, disciplined them inappropriately, and failed to provide adequate care and supervision, she failed to offer any solutions to address her parenting deficits.  She has been diagnosed with a personality disorder, to which she attributes her "heavy" emotional reliance on others, although she also can be "very distant" and affected by a sense of hopelessness.  The court found that her "approach to the issues in this case was curiously dispassionate" and that "[o]bviously, [she] is not ready to assume responsibility for these three high-needs children."

[¶8]  As to the father, he was incarcerated for significant periods of time during the children's lives.  In late 2013, when he was released after spending three years in prison, he became primarily responsible for child care during the next few months until the children were taken into the Department's custody for the second time.  The father denies any neglect of the children and, as the court found, is "largely oblivious" to the Department's allegations of neglect and abuse—even though in May 2014 he agreed to the court's issuance of a jeopardy order against him based on those allegations, *see* 22 M.R.S. § 4035 (2015).  Further, as the court noted, the father acknowledges that he is not ready to assume responsibility for the children.

[¶9]  On appeal, the principal argument of each parent is that the court improperly faulted them for their respective failures to adequately fulfill the requirements of the reunification plans.  These arguments fail because they do not have support in the record and are based on a misapprehension of the court's reasoning.[3]

[¶10]  The mother argues that the court based its finding of parental unfitness on her inconsistent attendance at scheduled supervised visitation with the children—a problem she attributes to scheduling conflicts arising from her employment that, pursuant to the Department's reunification plan, she is required to maintain.  She argues that the plan "set [her] up for failure" and deprived her of due process because it was impossible for her to fulfill its requirements.  For two reasons, this argument is groundless.

[¶11]  First, as the mother herself testified, her missed visits with the children were "mostly [her] fault due to just lack of organization" because she forgot to call for transportation arranged by the Department, or to confirm her plan to show up for the visits—which the Department required her to do after she missed numerous sessions, which resulted in difficulties for these children

---

[3]  We also reiterate that because the Department's compliance with its reunification duties prescribed in 22 M.R.S. § 4041(1-A) (2015) is not a discrete element of proof in a termination proceeding, any failure of the Department to comply with those duties does not preclude a finding of parental unfitness.  *In re Doris G.*, 2006 ME 142, ¶ 17, 912 A.2d 572.

6

who need structure and consistency—even though she left notes and other reminders to herself.

[¶12] Second, the court's determination of parental unfitness as to the mother did not rest on this narrow factual aspect of the case. Rather, the court engaged in a broader assessment of the evidence and concluded, with support in the record, that the mother failed to adequately engage in the reunification process, develop solutions for past neglect, and assume responsibility for the children within a time frame that would meet their needs.

[¶13] The father argues that he was unable to satisfy the requirements of the reunification plan because the parenting program he was required to attend was not offered at the time. The record does not confirm that the program was not in session, and in fact, the father testified that he had not actually sought out information about it. More importantly, however, the court's finding of the father's parental unfitness does not even specifically refer to the parenting program. Instead, that determination rests on a more comprehensive assessment of his unwillingness and inability to protect the children from jeopardy and to engage in good faith efforts to reunify and rehabilitate.

[¶14]   Because the trial record supports the court's findings, by clear and convincing evidence, of at least one ground of parental unfitness and that termination is in the best interest of the children, we affirm.  *See In re B.P.*, 2015 ME 139, ¶ 16, 126 A.3d 713.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Matthew A. Hunter, Esq., Caribou, for appellant father

John W. Tebbetts, Esq., Law Office of Christine M. Smith, Presque Isle, for appellant mother

Janet T. Mills, Attorney General, Meghan Szylvian, Asst. Atty. Gen., and Sarah Glidden, Stud. Atty., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Caribou District Court docket number PC-2014-03
FOR CLERK REFERENCE ONLY