2004 ME 145

**Penny (Leask) THORNE**

v.

**Richard S. LEASK.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 6, 2004.

Decided: Nov. 30, 2004.

Edward S. MacColl, Bradford R. Bowman, Thompson, Bull, Furey, Bass & MacColl, L.L.C., P.A., Portland, for appellant.

Plaintiff-appellee did not file a brief.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

SAUFLEY, C.J.

[¶ 1] Richard S. Leask appeals from a modified divorce judgment entered by the Case Management Officer (Portland, *Klaila, CMO*) in the District Court. Leask contends that the CMO erred by adding a provision to the parties' stipulated judgment that required the parents to participate in a high conflict co-parenting education course, without first obtaining the parties' consent or conducting a hearing. We vacate the judgment and remand to the District Court.

I. BACKGROUND

[¶ 2] Richard Leask and Penny (Leask) Thorne were divorced in 1997. Thorne

---

filed her most recent motions to modify in March 2002 and February 2003. The March 2002 motion requested changes in child issues and asked that Leask be ordered, inter alia, to take an anger management course and to participate in a Kids First program for fathers dealing with children of divorce. Thorne's February 2003 motion made a child contact request for a specific weekend. Leask objected to both motions and moved for contempt in March 2003.

[¶ 3] Ultimately, the parties stipulated to a modified divorce judgment that altered the parties' rights of contact, child support, and medical payments, but did not provide for either party to participate in any parenting programs. The CMO signed the stipulated judgment and added the following language to the judgment: "Further ordered: parties to participate in Kids First High–Conflict Co–Education course. Separate order issued this date." The parties did not initial this alteration of their stipulation and did not otherwise signify their agreement to the addition.

[¶ 4] The separate order of the CMO required both parties to attend the "next available eight-week High Conflict Co–Parent Education Course at the Kids First Center in Portland." The order specified that the court would monitor the parties' attendance and that a "failure to attend this group in good faith may be considered in the final ruling of any pending petition." By the terms of the order, the parties were required to apply to the program, send Kids First a copy of the order, and notify the court if either parent failed to attend.

[¶ 5] Leask has appealed from both the judgment and the separate order.

## II. DISCUSSION

■ [¶ 6] We are called upon to determine whether the CMO erred in ordering the parties to attend the co-parenting education course without allowing the parties an opportunity to be heard on the issue.[1]

[¶ 7] There is no question that the divorce court has the authority to determine whether to reject a divorce settlement agreement or render it enforceable by incorporating it into the divorce judgment. Levy, *Maine Family Law: Divorce, Separation and Annulment* § 10.2 at 343–44 (2000 ed. 1999). "Marital settlement agreements are distinguished from contracts in general due to the heightened public interest of ensuring that the terms of the agreement are consistent with public policy." *Id.* at 343.

■ [¶ 8] If the divorce court rejects any portion of the agreement, however, the parties must be afforded an opportunity to be heard on those matters that have returned to disputed status. *See Shaw v. Shaw*, 2003 ME 153, ¶ 12 & n. 4, 839 A.2d 714, 717; *Cloutier v. Cloutier*, 2003 ME 4, ¶¶ 12–14, 814 A.2d 979, 983–84. We conclude, therefore, that before adding a substantive provision to which the parties have not agreed, the court must provide notice to the parties of its intention to add a substantive term to the stipulated judgment and afford the parties a meaningful opportunity to be heard.

The entry is:

Judgment vacated.

1. We do not address the authority for such an order in appropriate cases. *See, e.g.,* 19–A M.R.S.A. § 1653(2)(E), (6)(B)(3), (6)(E) (1998). We address only the process by which an order may be entered.