2007 ME 27

**Beth YODER**

v.

**Timothy YODER.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Dec. 20, 2006.

Decided: Feb. 8, 2007.

Jason M. Jabar, Esq., Jabar, Batten, Ringer & Murphy, Waterville, for plaintiff.

Matthew A. Hunter, Esq., Presque Isle, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

ALEXANDER, J.

[¶ 1] Timothy Yoder appeals, challenging findings entered as part of a judgment of the District Court (Skowhegan, *MacMichael, J.*) awarding his wife, Beth Yoder, sole possession of the marital farm in a protection from abuse proceeding. 19–A M.R.S. §§ 4001–4014 (2006). Timothy Yoder asserts that, by making findings of abuse, the court violated an agreement by which the parties, with consent of the court, undertook to litigate and determine possession of the farm without any findings of abuse. Because it appears that the court did not give the parties sufficient notice and opportunity to litigate the issue of abuse prior to making findings of abuse, we vacate and remand.

## I. CASE HISTORY

[¶ 2] Beth Yoder and Timothy Yoder were husband and wife. Beth Yoder filed a complaint for protection from abuse from Timothy Yoder. 19–A M.R.S. § 4005. Four days after the complaint was filed, the court held a hearing on the complaint at which both parties were present and represented by counsel. Prior to commencement of the hearing, the parties agreed, with approval of the court, that (1) Timothy Yoder would consent to a no-contact order; (2) the court would conduct a hearing limited to the contested issue of possession of the farm and responsibility for care of the animals; and (3) the court would not make any findings of abuse.

[¶ 3] As part of the agreement regarding the issues to be litigated, counsel for Beth Yoder emphasized that he would be presenting evidence of abuse to the extent that it was relevant to the question of who should be granted possession of the farm. The court indicated that Beth Yoder would be allowed to present evidence of abuse relevant to possession of the farm. Counsel for Timothy Yoder stated: "I have no objection to anything he wants to bring in relative to the sole issue we're [going to] talk about now . . . ."

[¶ 4] The hearing proceeded with each party testifying regarding their contributions to the property and capacity to care for the animals. Beth Yoder testified regarding several incidents of abuse by Tim-

othy Yoder. She was not cross-examined regarding these incidents. Timothy Yoder testified that Beth Yoder had been aggressive with him in the past and, in one instance, had thrown water in his face in front of his boss. He acknowledged on cross-examination that he had been arrested for a recent incident of abuse. His testimony provided no further details of abuse incidents.

[¶ 5] After the hearing, the court, using a preprinted form, entered a protection from abuse order granting possession of the farm to Beth Yoder. The court also found that the parties had agreed to the order without findings of abuse.

[¶ 6] Timothy Yoder then filed a motion to reopen the evidence, which was denied, and a motion for findings of fact and a motion to alter or amend, which were set for hearing. At the hearing, the parties discussed how the motion for findings of fact would be addressed. The court stated: "the findings of fact have to be not on the issue of abuse, because the parties agreed to an order without findings of abuse." Both the court and the parties indicated that the findings would be "with regard to the possession of the residence" and Beth Yoder's ability to care for the animals.

[¶ 7] Two months later, the court issued findings of fact confirming its granting possession of the farm to Beth Yoder and discussing the relative contributions of each party to the property. In a separate paragraph of the findings, the court found: "the defendant has abused the plaintiff on numerous occasions." The findings then addressed the details of the abuse.

[¶ 8] Timothy Yoder filed a motion to alter or amend the judgment and a motion for relief from mistake or inadvertence, seeking to strike the findings of abuse. The court denied the motions in an order indicating that there was evidence of abuse

presented at the hearing on the merits and that: "It is clear from the [c]ourt's findings, that those findings are made only with respect to the contested issue of possession of the premises. The findings are made only after the [d]efendant requested the findings." Timothy Yoder then brought this appeal.

## II. LEGAL ANALYSIS

[¶ 9] Findings of abuse were not essential to the determination of the contested issue of possession of the farm because the parties, with the approval of the court, had agreed that the issue could be decided without findings of abuse. Accordingly, the agreement to resolve the contested issue without findings of abuse was a matter of considerable significance. That agreement may have affected Timothy Yoder's hearing strategy with respect to his presentation of evidence and cross-examination.

[¶ 10] The law is well established that a court is not bound in its decision-making by any agreement of the parties, as it is the court, not the parties, that has the ultimate responsibility for fashioning and entering any judgment. *See Cloutier v. Cloutier,* 2003 ME 4, ¶¶ 7–10, 814 A.2d 979, 982–83. When the court, in the course of litigation, determines that it cannot accept, or continue to accept, an agreement of the parties that it initially approved, the court must give the parties notice of withdrawal of its approval of the agreement and an opportunity to present evidence and argument relevant to the issues that had been subject to the agreement. *See Lowd v. Dimoulas,* 2005 ME 19, ¶ 5, 866 A.2d 867, 869; *Thorne v. Leask,* 2004 ME 145, ¶¶ 7–8, 861 A.2d 690, 691.

[¶ 11] Here, Timothy Yoder's request for findings did not waive the agree-

ment that there be no findings of abuse, nor did it require the court to find abuse to make sufficient findings in support of its order. Accordingly, prior to making findings of abuse, the court should have given the parties notice and an opportunity to further litigate the abuse issue. While the original order for protection from abuse shall remain in effect, the order on the motion for findings will be vacated and the matter remanded to the court. Upon remand, the District Court may choose to give the parties notice and an opportunity to litigate the abuse issue or strike the paragraph of the order making findings of abuse, as it deems appropriate.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.