MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2015 ME 14
Docket:        And-14-301
Submitted
 On Briefs:    December 18, 2014
Decided:       February 10, 2015

Panel:         SAUFLEY, C.J., and MEAD, GORMAN, JABAR, and HJELM, JJ.

TIMOTHY TRUE et al.

v.

SHEENA HARMON et al.

SAUFLEY, C.J.

[¶1]  Timothy and Philippa True, the paternal grandparents of Sheena Harmon's four-year-old son, appeal from a judgment entered in the District Court (Lewiston, *Beliveau, J.*) in which the court awarded Harmon attorney fees of $1,506.67 after dismissing the Trues' motion to modify a grandparent visitation order.  The Trues contend that the court erred in awarding attorney fees without providing them "an opportunity for hearing," as required by 19-A M.R.S. § 105(1) (2014).  We vacate the judgment and remand for further proceedings.

I.  BACKGROUND

[¶2]  In 2011, Timothy and Philippa True petitioned the District Court to establish visitation rights with their grandson pursuant to the Grandparents Visitation Act, 19-A M.R.S. §§ 1801-1805 (2014).  An order setting out a

2

visitation schedule was agreed upon by the parties and entered by the court. The Trues moved to modify the visitation order in early 2014 after the parents moved to Kentucky. Harmon opposed the Trues' motion to modify, filed a cross-motion to modify, and moved to dismiss the matter for lack of jurisdiction. All parties requested attorney fees.

[¶3] Following a case management conference, the family law magistrate (*Woodman, M.*) entered a case management order that focused on the jurisdictional issue and ordered the parties "to submit argument or supplemental filings within 14 days. Judge to take under advisement." The order identified the only issue remaining in dispute as "Rights of contact." The box next to "Attorney's Fees" was not checked. The court scheduled a status conference to be held if the "jurisdiction issue" was resolved. Harmon then submitted an affidavit and supporting materials to document the parents' residence in Kentucky and their divorce proceedings pending in that state.

[¶4] As anticipated by the case management order, the court (*Beliveau, J.*) acted on the challenge related to jurisdiction without further hearing. The court granted the motion to dismiss the matter because both parents had moved to Kentucky and the court therefore lacked subject matter jurisdiction.[1] *See*

---

[1] Although the court never explicitly ruled on Harmon's cross-motion to modify, the court's conclusion that it lacked subject matter jurisdiction functioned as a final judgment on all pending motions.

19-A M.R.S. § 1746(1)(B) (2014) (stating that, with some exceptions not applicable here, "a court of this State that has made a child custody determination . . . has exclusive, continuing jurisdiction over the determination until . . . [a] court of this State or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this State").

[¶5]  At the end of its order dismissing the matter for lack of jurisdiction, and without having heard from the parties regarding attorney fees, the court ordered the Trues to pay Harmon's reasonable attorney fees and costs.[2]  The Trues moved for clarification of the court's authority to award attorney fees in the matter. Harmon responded to the motion and cited to 19-A M.R.S. § 105(1) as the basis for the attorney fee award.  Her counsel also filed an affidavit setting forth her attorney fees and costs.  The Trues filed a supplement to their motion arguing that section 105(1) did not authorize an attorney fee award because no hearing had been held on attorney fees as the statute requires, and the court therefore had no evidence to support any determination of the parties' relative financial abilities to absorb the costs of litigation.  *See Ellis v. Ellis*, 2008 ME 191, ¶ 26, 962 A.2d 328.

---

[2]  Harmon did not alert the court, before it reached its decision, that the case management order failed to include her claim for attorney fees as a pending issue.  The Trues did not argue to the trial court, and do not argue to us, that Harmon may have thereby waived her claim for attorney fees.  Any issue regarding waiver is therefore abandoned and not preserved, and we do not address the issue in this opinion.  *See Holland v. Sebunya*, 2000 ME 160, ¶ 9 n.6, 759 A.2d 205; *see also Berg v. Bragdon*, 1997 ME 129, ¶ 9, 695 A.2d 1212.

4

[¶6] The court entered an additional order in which it stated that it was awarding Harmon reasonable and necessary attorney fees and costs of $1,506.67 pursuant to section 105(1). It then denied the Trues' motion for clarification, finding that the parties had been afforded the opportunity to be heard on the issue of attorney fees because the case management order indicated that the matter would be decided through supplemental filings of the parties, not through a hearing. The court therefore determined that, although the parties did not submit any written materials with respect to their relative financial abilities to pay for attorney fees and costs, they had been given the opportunity to do so. The court ordered the Trues to pay $1,506.67 in attorney fees and costs consistent with its earlier order. The Trues appealed. *See* 14 M.R.S. § 1901(1) (2014); M.R. App. P. 2.

## II. DISCUSSION

[¶7] "We review the court's authority to award attorney fees de novo." *Kilroy v. Ne. Sunspaces, Inc.*, 2007 ME 119, ¶ 6, 930 A.2d 1060. Pursuant to 19-A M.R.S. § 105(1), in actions brought pursuant to Title 19-A, "including actions to modify or enforce existing orders, the court may, *after an opportunity for hearing,* order a party, including a party in interest, to pay another party or another party's attorney reasonable attorney's fees, including costs, for participation in the proceedings." (Emphasis added.) A court "may order one

party to pay the other's attorney fees based on the parties' relative financial ability to pay the costs of litigation as long as the award is ultimately fair under the totality of the circumstances." *Ellis*, 2008 ME 191, ¶ 26, 962 A.2d 328 (quotation marks omitted).

[¶8]  The Trues do not dispute the reasonableness of the fees claimed or the rate charged.  Thus the only question on appeal is whether the court afforded the parties the statutorily required opportunity to be heard regarding their relative abilities to absorb the attorney fees and costs associated with litigating the matter. *See id*.

[¶9]  The court referred to the magistrate's case management order in support of its determinations that the parties had been afforded the opportunity for a hearing on attorney fees and that they had agreed to submit all issues to the court on the papers.  The case management order did not, however, indicate that attorney fees were an issue for consideration by the court through the paper submissions.  Nor did it indicate a process for determining the reasonableness of the fees or the parties' relative financial abilities to pay.  In short, it is not evident from the record that either party was on notice that the decision on the paper submissions would address any issues other than the court's jurisdiction.

[¶10]  Thus, contrary to the court's determination, the record does not establish that the parties were afforded the statutorily required opportunity to be

6

heard on the issue of attorney fees. Because the court lacked the authority to award attorney fees without affording the parties that opportunity, we must vacate the judgment and remand for further proceedings. *See* 19-A M.R.S. § 105(1); *see also Thorne v. Leask*, 2004 ME 145, ¶ 8, 861 A.2d 690 (holding that "parties must be afforded an opportunity to be heard" on disputed matters). On remand, if the court decides to award attorney fees and costs to either party, it may also consider the attorney fees and costs arising from the appeal. *See* 19-A M.R.S. § 105(1) (authorizing the award of "reasonable attorney's fees, including costs, for participation in the proceedings").

The entry is:

> Judgment vacated. Remanded for further proceedings consistent with this opinion.

---

**On the briefs:**

Michael L. Dubois, Esq., Lewiston, for appellants Timothy and Phillipa True

Elyse B. Segovias, Esq., Lewiston, for appellee Sheena Harman