MAINE SUPREME JUDICIAL COURT                                   Reporter of Decisions
Decision:      2017 ME 70
Docket:        Cum-16-375
Argued:        March 2, 2017
Decided:       April 18, 2017

Panel:         MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.[*]

JOYCE E. MITCHELL

v.

ALEXANDER S. KRIECKHAUS

MEAD, J.

[¶1]  Joyce E. Mitchell appeals from the denial of her motions for findings of fact and conclusions of law, deviation from child support guidelines, and reconsideration, all of which addressed the divorce judgment entered by the District Court (Portland, *J. French, J.*) on June 15, 2016.  Mitchell argues, inter alia, that before the court issued a child support order it was required to hold an evidentiary hearing on the issue of whether the parties provided substantially equal care of their son.  We agree, vacate the judgment of divorce insofar as it establishes a child support obligation to be paid by Mitchell, and remand for an evidentiary hearing on that issue.

---

[*]  Chief Justice Saufley sat at oral argument and participated in the Court's initial conference regarding this opinion immediately following the oral argument but did not participate further in the development of this opinion.

## I.  FACTS

[¶2]   Joyce E. Mitchell and Alexander S. Krieckhaus were married on October 5, 1997; Mitchell filed a complaint for divorce seventeen years later, on October 7, 2014.   The parties undertook discovery and engaged in case management conferences, mediation, and settlement conferences.  Ultimately, on May 10, 2016, after a day-long, judicially-assisted settlement conference, the parties reached a settlement agreement and agreed in writing to waive their right to appeal from the judgment that would result from it. *See* M.R. Civ. P. 118(c).  A stipulated order on children's issues was signed by the court on that date.

[¶3]  The stipulated order called for child support to "be paid pursuant to the Maine Child Support Guidelines based on [Mitchell's] base income of $344,000 and [Krieckhaus's] anticipated income of $56,000."  Pursuant to the order, the parties were to share parental rights and responsibilities.  They were also to share primary residence of their son, with Mitchell having primary residence of their two daughters.  Concerning their son, the order set out in considerable detail the contact arrangements based on his school-year schedule, vacations, holidays, child care, and extra-curricular activities.  The parents were to have equal access to records regarding the children and were

to keep each other fully informed of the children's appointments and school matters.

[¶4] Prior to signing the stipulated order on children's issues, the court conducted a hearing in open court with the parties and their counsel, during which Mitchell's attorney stated, "[T]he order calls for a child support order, which isn't there yet. And so obviously, that would have to be subject to review and approval." The court responded,

> One of the things that—and I'm sorry that I didn't share this with all the parties—that was asked of me when I was meeting with the defendant and his counsel . . . is whether the Court would draft the child support order, based upon—and the worksheet—based upon the numbers.[1] So I'll do that and provide it to the parties. So I'll take on that and make sure that they've had a chance to review it. Is that acceptable?

Mitchell's attorney confirmed that the proposed procedure was acceptable.

[¶5] The court requested that Krieckhaus's counsel submit a stipulated divorce judgment by May 23, 2016. The child support worksheets annexed to Krieckhaus's proposed judgment included a supplemental worksheet that was predicated upon a presumption that the parties provided substantially equal

---

[1] The record does not disclose whether the private conversation among the judge, Krieckhaus, and Krieckhaus's attorney (which presumably occurred during the judicially-assisted settlement process) regarding the preparation of child support worksheets included discussion of the use of basic or supplemental worksheets. A supplemental worksheet would be applicable if the court were determining child support for parties who have unequal incomes but who provide "substantially equal care" for the child. *See* 19-A M.R.S. § 2006(5)(D-1) (2016).

4

care for their son. The proposed order called for Mitchell to pay Krieckhaus a total of $249.58 biweekly while three children were entitled to parental support, $440.22 biweekly while two children were entitled to support, and $788.42 biweekly once only their son was entitled to support.

[¶6] On June 7, 2016, through counsel, Mitchell responded by sending a letter to the court advising that the parties did not agree that they provided substantially equal care for their son even if they shared primary residence. The letter included draft child support worksheets that called for Krieckhaus to pay Mitchell a total of $296.24 biweekly while three children were entitled to support, $248.92 biweekly when two children were entitled to support, and $165.48 biweekly when one child was entitled to support.

[¶7] The court entered a divorce judgment on June 15, 2016, in which it based the amount of child support upon the parties providing substantially equal care for their son, consistent with Krieckhaus's child support worksheets. In a footnote to the child support provision, the court explained:

> At the final hearing the Court indicated it would draft the child support documents. Since that time, a dispute has arisen between the parties as to whether or not they will be providing substantially equal care of their son . . . and consequently whether or not child support for him should be calculated using the "supplemental" child support worksheet. The Court has concluded, a) based upon the totality of the evidence presented at the final hearing as to the parties' agreement; b) after review of the stipulation; c) finding that

the parties agreed to an award of shared parental rights and responsibilities and a shared residential schedule; and, d) the lack of evidence that one of the parties would be providing primary residential care of [their son] for the purpose of calculating child support, that child support will be determined using the supplemental child support worksheet.

[¶8]   On June 27, Mitchell filed a motion for findings of fact and conclusions of law; on June 30, she filed motions for reconsideration of the child support order and for a deviation from the child support guidelines.  Mitchell argued that the parties never agreed that they were providing substantially equal care for their son; that the court could not find that they were providing substantially equal care without holding an evidentiary hearing; that the parties did not, in fact, provide substantially equal care; and that even if they did provide substantially equal care, a deviation from that provision in the guidelines was warranted.

[¶9]  After receiving memoranda from Krieckhaus, and without holding a hearing, the court issued an order on July 27, 2016, denying all of Mitchell's motions.   The court reasoned that the motion for findings of fact and conclusions of law was untimely and exceeded the scope of relief afforded by M.R. Civ. P. 52.  With respect to the motion for reconsideration, the court stated that it had, "in issuing the Divorce Judgment construed the Stipulated Order and found *as a matter of law* that the parties agreed to a 'substantially equal care'

6

arrangement with respect to [their son] . . . requir[ing] the use of the supplemental child support worksheet." (Emphasis added.) It denied Mitchell's motion for a deviation from the guidelines as being inconsistent with the parties' agreement that child support be awarded pursuant to the guidelines. The court confirmed the divorce judgment's provision ordering Mitchell to pay $25,000 of Krieckhaus's attorney fees, but denied Krieckhaus's request to award him additional attorney fees. Mitchell timely appealed. *See* 19-A M.R.S. § 104 (2016).

## II. DISCUSSION

A.      Availability of Appellate Review

[¶10] Krieckhaus argues that Mitchell cannot appeal the judgment after reviewing and signing the stipulated order on children's issues with counsel present and then waiving her right to appeal. He asserts that she should have been aware that the child support guidelines include a provision for parents who provide substantially equal care. Mitchell contends that she expressly preserved the right to object to the final application of the guidelines when she told the court at the hearing that the child support order "isn't there yet" and "would have to be subject to review and approval"; that she did object to Krieckhaus's assertion that the parties would be providing substantially equal

care for their son as soon as that issue was raised; and that her appeal should be heard to prevent injustice because there was no indication until after the hearing that Krieckhaus would seek child support under the "substantially equal care" provision of the statute, 19-A M.R.S. § 2006(5)(D-1) (2016).

[¶11]  Parties to a family matter "may . . . waive their rights to appeal." M.R. Civ. P. 118(c).  We have not yet squarely decided whether M.R. Civ. P. 118 allows a party to appeal from a court's determination that is made after the parties reach a stipulated agreement that includes a waiver of appeal.  We have said, however, that "[w]hen parties report to the court that they have reached a settlement and have memorialized the terms of the agreement and expressed clear consent to those terms, that settlement becomes an enforceable agreement and, *upon acceptance by the court*, is incorporated as a judgment of the court."  *2301 Cong. Realty, LLC v. Wise Bus. Forms, Inc.*, 2014 ME 147, ¶ 10, 106 A.3d 1131 (emphasis added) (quotation marks omitted).

[¶12]  If the terms of a settlement agreement are "discussed at length on the record, and at that time all parties agree[] to the settlement," a court may ordinarily enter a judgment based on those terms even if a dispute arises after the agreement is reached but before the entry of judgment.  *Page v. Page*, 671 A.2d 956, 957-58 (Me. 1996).  We have, however, "allowed an exception to

8

this rule in those cases when a party challenges the sufficiency of the agreement placed on the record," for instance "when a party alleges that his attorney acted without authority in entering into the agreement." *Id.* at 958; *see Lane v. Me. Cent. R.R.*, 572 A.2d 1084, 1085 (Me. 1990). Absent such a problem, "a stipulation of record that sufficiently covers the settlement agreement can be summarily enforced by the entry of a judgment" even if a party withdraws consent. *Page*, 671 A.2d at 958.

[¶13] Here, unlike in *Page*, the record demonstrates a clear *lack* of agreement about how the child support guidelines would be applied; accordingly, the settlement agreement was insufficient to allow the court to enter judgment on that issue in the face of Mitchell's later objection. Mitchell expressly advised the court that the child support order would be subject to "review and approval" by the parties after the court completed its computations, and the court both acknowledged the necessity of their review prior to the entry of a divorce judgment and confirmed that its child support worksheet and proposed order would be made available to the parties for review.

[¶14] The procedural posture of this matter, once it became clear that the parties did not agree about the application of the child support guidelines,

is analogous to a partially resolved family matter or a matter in which the court does not approve part of a settlement agreement. In either of those events, the court must provide the opportunity for a hearing on disputed issues. *See Lowd v. Dimoulas*, 2005 ME 19, ¶¶ 5-6, 866 A.2d 867; *see also Yoder v. Yoder*, 2007 ME 27, ¶ 10, 916 A.2d 228.

[¶15] The waiver of appeal, executed on the same day that Mitchell reserved her right to review the final child support order, cannot therefore be deemed to have encompassed the very issue specifically held open for later determination. As to the terms of the stipulated order on children's issues where no reservation of rights was articulated, no appeal may be taken. However, as to the issue of the child support computation, which was expressly reserved for later review and ultimately decided on a contested basis by the court, the waiver of appeal presents no obstacle to appellate review.

B.    Necessity of Evidentiary Hearing

[¶16] Mitchell argues that the parties never agreed that they were providing "substantially equal care," 19-A M.R.S. § 2006(5)(D-1), and that, given the parties' dispute, such a factual determination can be made only after an evidentiary hearing. Krieckhaus contends that the terms of the agreement established that the parties provide substantially equal care for their son.

"We review de novo whether an individual was afforded procedural due process. . . . The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *In re Adden B.*, 2016 ME 113, ¶ 7, 144 A.3d 1158 (quotation marks omitted).

[¶17] The determination of whether parents provide substantially equal care for a child is grounded in findings of fact. *See Jabar v. Jabar*, 2006 ME 74, ¶ 17, 899 A.2d 796. The party contending that he provides substantially equal care bears the burden of proof on that issue. *Pratt v. Sidney*, 2009 ME 28, ¶ 10, 967 A.2d 685. Thus, absent an agreement by the parties, the court is placed in the position of a fact-finder on a disputed issue. *See id.* ¶ 12 (holding that a fact-finder must determine whether parents are providing substantially equal care).

[¶18] Ordinarily, a parent's child support obligation is determined by applying 19-A M.R.S. § 2006(4) (2016), using the Schedule of Basic Child Support Obligation table, *see* 19-A M.R.S. §§ 2001(3), 2006(1), 2011 (2016). In the "special circumstance[]" in which the parties provide "substantially equal care," however, the calculation is different:

> When the parties do not have equal annual gross incomes but provide substantially equal care for each child for whom support is being determined, the presumptive parental support obligation must be determined as follows.

**(1)** The enhanced support entitlement for each child must be determined.

**(2)** Using the enhanced support entitlement, a parental support obligation for each child must be determined by dividing the total enhanced support obligation between the parties in proportion to their respective gross incomes.

**(3)** The party with the higher annual gross income has a presumptive obligation to pay the other party the lower of:

> **(a)** The difference between their parental support obligations as calculated in subparagraph (2); and

> **(b)** The presumptive parental support obligation determined for the payor party using the basic support entitlement under the support guidelines as though the other party provided primary residential care of the child.

**(4)** The parties shall share the child care costs, health insurance premiums and uninsured medical expenses in proportion to their incomes.

19-A M.R.S. § 2006(5)(D-1). "'Substantially equal care' means that both parents participate substantially equally in the child's total care, which may include, but is not limited to, the child's residential, educational, recreational, child care and medical, dental and mental health care needs." 19-A M.R.S. § 2001(8-A) (2016).

[¶19]  Because a finding of "substantially equal care" is not based on a limited list of statutory factors, but instead on an open-ended inquiry requiring findings regarding the extent to which the parents participate in the "child's total care," *id.*, the mere fact that parties agree to shared primary residence in a

settlement agreement is insufficient by itself to establish that the parties also agree that they provide substantially equal care—even if the time the child spends with each parent is roughly equal. As we have made clear, the determination of substantially equal care is based on more than a rigid calculation of time spent with each parent or what responsibilities the parents share. *See Pratt*, 2009 ME 28, ¶ 11, 967 A.2d 685.

[¶20] The limited testimony at the settlement hearing provided no basis for the court to conclude that the parties agreed that they were providing "substantially equal care" for their son as defined by statute. *See* 19-A M.R.S. §§ 2001(8-A), 2006(5)(D-1). On the contrary, the statements by Mitchell's attorney during the May 10 hearing and in his June 7 letter made it abundantly clear that the parties were very much not in agreement. The court's finding, characterized as a decision of law, that the parties had agreed to a substantially equal care arrangement with regard to their son was reached without providing the parties with a meaningful opportunity to present evidence on this hotly-contested factual issue, and thus constituted error. Accordingly, we vacate the judgment in part and remand for the court to hold an evidentiary

hearing on the issue of computation of child support pursuant to the child support guidelines.[2]

The entry is:

> Paragraph (4) of the divorce judgment imposing a child support obligation on Mitchell is vacated. Remanded for an evidentiary hearing on the issue of child support and for further proceedings.

---

Jed Davis, Esq. (orally), Jim Mitchell and Jed Davis, P.A., Augusta, for appellant Joyce E. Mitchell

Dori F. Chadbourne, Esq. (orally), Chadbourne Law Offices, P.A., Portland, for appellee Alexander S. Krieckhaus

Portland District Court docket number FM-2014-983
FOR CLERK REFERENCE ONLY

---

[2] Because we vacate and remand for an evidentiary hearing, we do not reach the remainder of Mitchell's arguments.