MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2017 ME 133
Docket:        Yor-16-368
Submitted
  On Briefs:   June 14, 2017
Decided:       June 27, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, HJELM, and HUMPHREY, JJ.

IN RE GABRIEL W.

MEAD, J.

[¶1]  The parents of Gabriel W. appeal from a judgment entered by the District Court (Biddeford, *Janelle, J.*) terminating their parental rights to the child pursuant to 22 M.R.S. § 4055(1)(B)(2) (2016).  Each challenges the court's findings by clear and convincing evidence that they are unfit, and its finding that termination of their parental rights is in the child's best interest. Additionally, the mother asserts that her right to due process was violated when the court amended its termination order without holding a new hearing. Because the evidence supports the court's factual findings and discretionary determination, and because we conclude that the mother received due process, we affirm the judgment.

A.     Sufficiency of the Evidence

[¶2]  Applying the statute, the court found by clear and convincing evidence that "the parents are unwilling or unable to protect the child from

2

jeopardy and these circumstances are unlikely to change within a time which is reasonably calculated to meet the child's needs. . . . The court next finds that termination of parental rights is in the best interest of the child."[1] *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i). We review the factual findings supporting the unfitness determinations for clear error, *see In re Logan M.*, 2017 ME 23, ¶ 3, 155 A.3d 430, and apply the same standard to the factual findings supporting the best interest determination, although we review the court's ultimate conclusion that termination was in the child's best interest "for an abuse of discretion, viewing the facts, and the weight to be given them, through the trial court's lens," giving the court's judgment "substantial deference." *In re Caleb M.*, 2017 ME 66, ¶ 33, --- A.3d --- (quotation marks omitted).

[¶3] The court's factual findings are supported by competent evidence in the record and are therefore not clearly erroneous. *See In re M.B.*, 2013 ME 46, ¶ 40, 65 A.3d 1260. Concerning the father, the court found that he had not complied with his reunification plan and consequently reunification had been unsuccessful; had been inconsistent in visiting the child and had "struggled to connect" with the child since the child was placed in DHHS custody at five days

---

[1] The court made findings in an order entered July 18, 2016, and made additional determinations in an amended order entered August 5, 2016. We address the mother's contention that the second order violated her right to due process *infra*, but otherwise treat the orders as a single judgment.

old; had repeatedly indicated that parenting an infant would be too difficult given that he cared for two other young children; had failed to engage in services recommended by the Department and by his psychologist; and had not taken responsibility for any of the conditions that the court had previously found placed the child in jeopardy.

[¶4] Concerning the mother, the court found that the child was born drug-affected. It further found that the mother does not have a home of her own, having lived with her aunt for over a year, although she "will begin working two different jobs, which she believes will help her eventually secure stable housing"; "struggle[s] with drug and alcohol addiction, as well as mental health issues," having been diagnosed with "Generalized Anxiety Disorder, Generalized Depression . . . Opioid Dependence . . . [and] Post-Traumatic Stress Disorder"; "continue[s] to receive mental health and substance abuse treatment . . . [and] has been prescribed several medications, including Suboxone"; "continues to have relapses with alcohol and marijuana, demonstrated by positive urine screens"; has not successfully reunified with the child because she has not complied with her reunification plan; "fails to take responsibility for behavior that has impacted the wellbeing of her children";

4

and "has not been consistent with her visitation with [the child], and has not been cooperative with the Department."

[¶5]  Finally, the court, citing its unfitness findings and the parents' failed reunification efforts, found that "termination is in the best interest of [the child].  [The child] has been in the care of [the foster mother] practically his whole life.  [He] is happy in [her] care and has a close bond with her."

[¶6]  The court's findings, based on evidence in the record, explaining why the parents cannot or are unwilling to protect the child from jeopardy within the time required by statute and why the child's best interest requires termination, are sufficient to support the judgment.  The mother's contention that the court erred in making those determinations because "DHHS did not engage in reasonable reunification efforts" is not persuasive on this record, and in any event, as we recently reiterated, "because the Department's compliance with its reunification duties prescribed in 22 M.R.S. § 4041(1-A) [2016] is not a discrete element of proof in a termination proceeding, any failure of the Department to comply with those duties does not preclude a finding of parental unfitness." *In re Magdalena F.*, 2016 ME 125, ¶ 9 n.3, 146 A.3d 1103 (citing *In re Doris G.*, 2006 ME 142, ¶ 17, 912 A.2d 572).

B.    Due Process

[¶7]  The mother contends that it was a violation of due process for the court to make an explicit finding concerning her parental unfitness in an amended order without first holding a new hearing.  "We review de novo whether an individual was afforded procedural due process.  The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."  *Mitchell v. Krieckhaus*, 2017 ME 70, ¶ 16, --- A.3d --- (alteration and quotation marks omitted).  More specifically, "[d]ue process requires: notice of the issues, an opportunity to be heard, the right to introduce evidence and present witnesses, the right to respond to claims and evidence, and an impartial fact-finder."  *In re Caleb M.*, 2017 ME 66, ¶ 21, --- A.3d --- (quotation marks omitted).

[¶8]  The mother was afforded each of those elements at the two-day hearing held on June 3 and June 14, 2016.[2]  In its July 18, 2016, judgment, the court found explicitly that termination was in the child's best interest and made the findings concerning parental fitness recited *supra*, although it did not explicitly find that the mother was an unfit parent.  In its August 9, 2016, order

---

[2]  The mother did not attend the first day of the hearing, but she was represented by counsel who fully participated.

6

amending the original judgment, the court found no new facts concerning the mother's fitness. The order stated:

> The court finds by clear and convincing evidence that the parents are unwilling or unable to protect the child from jeopardy and these circumstances are unlikely to change within a time which is reasonably calculated to meet the child's needs. In making this finding, the court hereby incorporates its findings from the July 18, 2016[,] Termination Order.
>
> The court next finds that termination of parental rights is in the best interest of the child. In making this finding, the court incorporates the findings of the July 18, 2016[,] Termination Order.
>
> The Court has independently reached this conclusion and applied its own independent analysis in arriving at these legal findings. *This Order simply clarifies the Order in which the court makes its findings and that the court has specifically made these findings.*

(Emphasis added and numerical headings omitted.)

[¶9] Because the mother fully participated in the hearing from which the facts underlying the court's legal judgment were derived—that is, she was "heard at a meaningful time and in a meaningful manner," *Mitchell*, 2017 ME 70, ¶ 16, --- A.3d --- (quotation marks omitted)—she was afforded due process.

The entry is:

Judgment affirmed.

Jesse James Ian Archer, Esq., Lewiston, for appellant Mother

Rubin Guedalie Segal, Esq., Portland, for appellant Father

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Biddeford District Court docket number PC-2015-18
FOR CLERK REFERENCE ONLY