MAINE SUPREME JUDICIAL COURT                         Reporter of Decisions
Decision:      2023 ME 40
Docket:        BCD-22-312
Argued:        May 10, 2023
Decided:       July 25, 2023

Panel:         STANFILL, C.J., and MEAD, JABAR, HORTON, CONNORS, LAWRENCE, and DOUGLAS, JJ.

BRIAN J. FOURNIER

v.

FLATS INDUSTRIAL, INC., et al.

HORTON, J.

[¶1]  Brian Fournier, a shareholder of Flats Industrial, Inc., appeals from an order entered by the Business and Consumer Docket (*Duddy, J.*) that dismissed two of three counts in Fournier's action against Flats and three other Flats shareholders, Beth Fournier, Patrick Fournier, and Douglas Fournier (collectively, the Fourniers).  The parties later stipulated to the dismissal of the remaining count.  Flats and the Fourniers contend that Fournier's notice of appeal was untimely filed.  We agree and dismiss Fournier's appeal for lack of jurisdiction without reaching the issues raised in the appeal.

## I.  BACKGROUND AND PROCEDURAL HISTORY

[¶2]  "The following substantive facts are taken from the allegations in the [operative] complaint and are viewed as if they were admitted, and the

procedural facts are drawn from the record." *20 Thames St. LLC v. Ocean State Job Lot of Me. 2017 LLC*, 2021 ME 33, ¶ 2, 252 A.3d 516 (citation omitted).

[¶3] Flats is incorporated in Delaware, has its principal place of business in Cleveland, Ohio, and owns a four-mile stretch of railroad in northern Ohio. Arthur Fournier was the sole shareholder of Flats until he died testate in 2013. When Arthur died, Flats's stock was conveyed to his family in the following manner: his four children, Fournier, Douglas, Patrick, and Catherine (who is not a party to this action), each received twelve and a half percent, and Arthur's widow, Beth, received the remaining fifty percent.[1] Fournier and the other shareholders all reside in Maine. Flats has several bank accounts in Maine.

[¶4] On February 18, 2020, and on other occasions since that date, Fournier requested to inspect and copy corporate records to determine the status and financial health of Flats and the value of the shares he owns. Fournier provided a written demand under oath as required by Del. Code Ann. tit. 8, § 220(b) (2023). Flats failed to make the requested documents available for inspection and copying.

[¶5] On or about July 13, 2020, Fournier made a written demand upon Flats to investigate and bring an action against the Fourniers for breach of

---

[1] According to the record, Beth is the sole officer and director of Flats.

fiduciary duty, fraud, and other wrongful acts. *See* Del. Ch. Ct. R. 23.1. Four days later, Fournier filed his initial complaint in this action. It contained two counts: (1) a claim in Count 1 against Flats for failing to disclose records in violation of Del. Code Ann. tit. 8, § 220(b) and (2) a claim in Count 2 against the Fourniers for breaching their fiduciary duty.[2] Flats and the Fourniers filed an answer with affirmative defenses. On February 11, 2021, the shareholders of Flats voted not to bring claims against the Fourniers. The Fourniers did not abstain from this vote.

[¶6] On March 4, 2021, Fournier amended his complaint with the court's permission, *see* M.R. Civ. P. 15(a), and without objection by the Fourniers. The

---

[2] Fournier's initial and amended complaints assert that the Fourniers have breached their fiduciary duty to Fournier by

- causing Flats "to refuse [or] fail to perform necessary repairs, maintenance[,] and improvements to Flats'[s] assets . . . despite receiving directive from federal regulatory authorities" to do so;

- "improperly attempt[ing] to pressure a customer to pay for [] repairs, maintenance[,] and improvements, resulting in the loss of one of Flats'[s] three customers";

- managing and operating Flats in a manner that has devalued the company and wasted its assets;

- failing to hold director or shareholder meetings and lawful votes;

- failing to retain existing customers or identify new customers; and

- "caus[ing] Flats to hire Riverside Management Group" to operate and manage Flats—Riverside does not understand railroads and does not know how to retain existing customers or attract new customers, and Riverside has not responded to or followed up on offers from third parties to purchase Flats and has prevented Fournier from dealing with those parties.

4

first amended complaint repeated the two counts in the original complaint and added a third count asserting a derivative claim on behalf of the corporation against the Fourniers. On April 22, 2021, Fournier filed a second motion to amend his complaint. *See* M.R. Civ. P. 15(a). Although the Fourniers opposed the motion, the court again granted leave to amend on May 25, 2021. Fournier's second amended complaint—the operative complaint on appeal—contained the same three counts from the first amended complaint, with additional factual allegations to support the derivative claim in the third count. On June 4, 2021, Flats and the Fourniers filed a motion to dismiss Counts 2 and 3 of Fournier's second amended complaint, and Fournier opposed the motion. While the motion was pending, Fournier filed a third motion to amend his complaint to add a fourth count seeking appointment of a receiver pursuant to Del. Code Ann. tit. 8, § 291 (2023). Flats and the Fourniers opposed the motion. On August 12, 2021, the court denied Fournier's third motion to amend.

[¶7] On September 20, 2021, the court granted Flats and the Fourniers' motion to dismiss and the order was entered on the docket dismissing Counts 2 and 3 of Fournier's second amended complaint. The court's dismissal order, which is the subject of Fournier's appeal,[3] left Count 1 of Fournier's second

---

[3] Fournier's notice of appeal designates the September 20, 2021, dismissal order as the judgment appealed from.

amended complaint—the claim against Flats based on alleged nondisclosure of records—as the only remaining claim for relief in the action.

[¶8]  About a year later, on September 2, 2022, the parties filed and the court docketed a stipulation of dismissal of Count 1 of Fournier's second amended complaint, along with an agreed-upon motion for a protective order. The stipulation stated that Fournier and Flats, "pursuant to Maine Rule of Civil Procedure 41(a)(1)(ii), hereby stipulate to the dismissal of Count I of the operative Complaint in this matter—which is the sole remaining pending Count in this matter—with prejudice, without costs, expenses, fees, attorney's fees, and/or interest, and waiving all rights of appeal."[4]  The proposed order filed with the motion indicated that the purpose of the requested protective order was to preserve the confidentiality of "documents and/or information produced pursuant to Paragraph 4 of the Parties' Release and Settlement Agreement . . . ."  Four days after the stipulation of dismissal was docketed, the court granted the motion for protective order by signing the proposed protective order on September 6, 2022.  On September 7, 2022, the protective order was entered on the docket.  On September 26, 2022, twenty-four days after the stipulation of dismissal of Count 1 was filed and docketed and nineteen

---

[4] The parties agree that the waiver of appeal applied only to the stipulated dismissal of Count 1.

days after the court's protective order was docketed, Fournier filed a notice of appeal from the court's order dismissing Counts 2 and 3 of his second amended complaint. *See* 14 M.R.S. § 1851 (2023); M.R. App. P. 2B(c)(1).

[¶9] On October 24, 2022, Flats and the Fourniers moved to dismiss the appeal on the ground that Fournier's notice of appeal was not filed within the twenty-one-day limit prescribed by the Maine Rules of Appellate Procedure. M.R. App. P. 2B(c)(1) ("The time within which an appeal may be taken in a civil case shall be 21 days after entry into the docket of the judgment or order appealed from, unless a shorter time is provided by law."). The motion to dismiss asserted that the appeal deadline began to run on September 2, 2022, when the stipulation of dismissal was filed and docketed. Fournier's opposition to the motion asserted that the appeal period began to run on September 7, 2022, when the court docketed the protective order. We ordered that the motion to dismiss the appeal be considered with the merits of the appeal.

## II. DISCUSSION

[¶10] A notice of appeal must be filed within twenty-one days from the entry in the docket of a final judgment. *See* M.R. App. P. 2B(c)(1); *Bourke v. City of S. Portland*, 2002 ME 155, ¶ 3, 806 A.2d 1255. We require strict compliance

with the time limits of M.R. App. P. 2B because it is a prerequisite to our jurisdiction to entertain an appeal.[5]  *Bourke*, 2002 ME 155, ¶ 4, 806 A.2d 1255.

[¶11]  An appealable final judgment is a trial court decision that resolves all claims against all parties.  *See Kittery Point Partners, LLC v. Bayview Loan Servicing, LLC*, 2018 ME 35, ¶ 6, 180 A.3d 1091 ("Absent an exception to the final judgment rule, a trial court's decision is not appealable unless it resolves all claims against all parties."); *Murphy v. Maddaus*, 2002 ME 24, ¶¶ 12-13, 789 A.2d 1281.  "It is the consummating effect that identifies an appealable final judgment." *Estate of Kerwin*, 2020 ME 116, ¶ 8, 239 A.3d 623 (quotation marks omitted).

[¶12]  Flats and the Fourniers contend that Fournier's notice of appeal was untimely filed because the parties' stipulation dismissing Fournier's sole remaining claim created an appealable final judgment—effective when the stipulation was docketed because the court did not need to approve the dismissal or enter a final judgment separately.

[¶13]   We have noted that the filing and docketing of a stipulated dismissal of all remaining pending claims in a civil case pursuant to

---

[5] We have emphasized that failure to learn of the entry of judgment does not insulate a party from the strict requirements of M.R. App. P. 2B.  *Bourke v. City of S. Portland*, 2002 ME 155, ¶ 4, 806 A.2d 1255; *see* M.R. App. P. 2B(a)(2).

8

M.R. Civ. P. 41(a)(1)(ii) can create an appealable final judgment without any action by the court. *See, e.g.*, *Larrabee v. Penobscot Frozen Foods, Inc.*, 486 A.2d 97, 98-99 (Me. 1984); *Camplin v. Town of York*, 471 A.2d 1035, 1037 n.5 (Me. 1984); *Fortney & Weygandt, Inc. v. Lewiston DMEP IX, LLC*, 2019 ME 175, ¶ 11 n.7, 222 A.3d 613.[6]

[¶14]  Fournier argues that his appeal is timely because the stipulation of dismissal and the motion for a protective order "were inextricably intertwined and, in fact, interdependent," meaning that the appeal period did not begin to run until the court had signed and docketed the proposed protective order.  For four reasons, we do not agree.

[¶15]  The first reason is that the continued pendency of a motion at or after the entry of judgment does not necessarily prevent the judgment from being final. *See True v. Harmon*, 2015 ME 14, ¶ 4 n.1, 110 A.3d 650 ("Although the court never explicitly ruled on Harmon's cross-motion to modify, the court's

---

[6]  Federal courts observe the same principle under the counterpart federal rule, Fed. R. Civ. P. 41(a)(1)(A)(ii), although some have held that a voluntary dismissal of remaining claims generally must be with prejudice in order to result in an appealable final judgment. *See United States v. Gila Valley Irrigation Dist.*, 859 F.3d 789, 797 (9th Cir. 2017) ("[T]he general rule in this circuit is that voluntary dismissals without prejudice do not create appealable, final judgments." (quotation marks omitted)); *see also Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 295 (5th Cir. 2016); *Chappelle v. Beacon Commc'ns Corp.*, 84 F.3d 652, 653-54 (2d Cir. 1996).  The court in *Chappelle* noted that other circuit courts of appeals have not required that a voluntary dismissal be with prejudice in order to create an appealable final judgment. *Chappelle*, 84 F.3d at 654.  We have not been called on to consider the question, nor need we here, because Fournier stipulated to the dismissal of his sole remaining pending claim with prejudice.

conclusion that it lacked subject matter jurisdiction functioned as a final judgment on all pending motions."). The second reason is that neither the stipulation nor the motion mentions the other. In other words, there is nothing in either indicating that the effect of the stipulation was intended to be conditioned on the granting of the motion, or that the docketing of the stipulation should be deferred until after the motion was granted. The third reason is that motions for protective orders are not among the motions that, if timely filed, toll the running of the appeal deadline until they have been acted upon.[7] *See* M.R. App. P. 2B(c)(2). The qualifying motions in civil actions are those made pursuant to M.R. Civ. P. 50(b), M.R. Civ. P. 52(a)-(b), and M.R. Civ. P. 59. M.R. App. P. 2B(c)(2). Motions for protective orders do not qualify.[8] *See* M.R. App. P. 2B(c)(2).

[¶16] The fourth reason is that a pending motion that is collateral to the judgment—in other words, one that would not affect the judgment regardless of how the motion is decided—does not prevent a judgment that resolves all

---

[7] Parties may also file a motion with the court to enlarge the time for appeal if good cause is shown. M.R. App. P. 2B(d). Additionally, "if an appeal is timely filed after entry of judgment, but prior to filing a post-judgment motion or during consideration of the post-judgment motion, the appeal is valid to preserve (1) any issues arising prior to judgment . . . and (2) any issues arising in the course of consideration of the post-judgment motions." Alexander, *Maine Appellate Practice* § 2B.4 at 57 (6th ed. 2022).

[8] Whether the court had jurisdiction to enter the protective order is not before us.

claims as to all parties from being final. *See Hutchinson v. Pfeil*, 105 F.3d 562, 565-66 (10th Cir. 1997); *see, e.g.*, *Cooper v. Salomon Brothers Inc.*, 1 F.3d 82, 84-86 (2d Cir. 1993) (concluding that a motion for Rule 11 sanctions on an attorney was collateral to the final judgment in the case and that the court could exercise jurisdiction over the final decisions in the case); *Battryn v. Indian Oil Co.*, 472 A.2d 937, 938 n.1 (Me. 1984) (holding that finality was achieved when all other claims, except an outstanding unqualified order against attorney to pay a sum of money to defendant's counsel, were disposed of by the court). Our civil rules reflect that principle in providing that a pending request for attorney fees does not affect the finality of a judgment unless the request is "integral" to the relief sought in the case. *See* M.R. Civ. P. 54(b)(1)-(2). Because the parties' motion for a protective order did not affect the judgment on any claim in the case, it was collateral to the judgment.

[¶17]  Accordingly, we are required to conclude that the continued pendency of the motion did not prevent the docketing of the stipulation of dismissal from creating an appealable final judgment. Because Fournier's appeal was filed after the deadline for appeal had expired, we do not have jurisdiction to entertain his appeal.

The entry is:

Appeal dismissed for lack of jurisdiction.

_____

Brendan P. Rielly, Esq. (orally), Jensen Baird, Portland, for appellant Brian J. Fournier

Brett R. Leland, Esq. (orally), Verrill Dana LLP, Portland, for appellees Flats Industrial, Inc., Beth Fournier, Douglas Fournier, and Patrick Fournier

Business and Consumer Docket docket number CV-2020-32
FOR CLERK REFERENCE ONLY