MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:      2017 ME 168
Docket:        Aro-17-55
Submitted
  On Briefs:   July 19, 2017
Decided:       July 27, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

IN RE BRADYN B.

PER CURIAM

[¶1]  The parents of Bradyn B. appeal from a judgment entered by the District Court (Presque Isle, *O'Mara, J.*) terminating their parental rights to Bradyn pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2) (2016).  Both parents challenge the sufficiency of the evidence to support the court's findings that they are unfit, and the father also challenges the court's discretionary determination that termination is in Bradyn's best interest.[1] Because the evidence supports the court's findings and discretionary determination, we affirm the judgment.

---

[1]  Additionally, the father argues that he was deprived of either substantive or procedural due process because the court terminated his parental rights even though—in his view—it was impossible for him to comply with his reunification plan due to a change in his visitation schedule. The father did not raise this issue at the termination hearing, however, and in fact he agreed that he had resolved the visitation issue but was unable to resume visits with the child only because he was arrested approximately one month before the termination hearing and remained incarcerated at the time of the hearing.  The due process issue is therefore unpreserved and we do not address it further.  *See Foster v. Oral Surgery Assocs., P.A.*, 2008 ME 21, ¶ 22, 940 A.2d 1102; *cf. In re Zoe M.*, 2004 ME 94, ¶ 6, 853 A.2d 762.

[¶2]  After a two-day termination hearing, the court found, by clear and convincing evidence, that the parents were unwilling or unable to protect the child from jeopardy or take responsibility for the child within a time reasonably calculated to meet his needs, that they had failed to make a good faith effort to rehabilitate and reunify with the child, and that termination of their parental rights was in the child's best interest.  *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i)-(ii) & (iv); *In re Robert S.*, 2009 ME 18, ¶ 15, 966 A.2d 894.  The judgment terminating the parental rights of the mother and father includes the following findings of fact, all of which are supported by the evidence. *See In re Gabriel W.*, 2017 ME 133, ¶¶ 2-3, --- A.3d ---.

[¶3]  The father assaulted four women—including the child's mother and his own mother, i.e., the child's paternal grandmother—either before this action was commenced, while it was pending, or both; he only "superficial[ly]" engaged in a batterers' intervention program and was unable to complete the program because he was arrested one month before the termination hearing and remained in custody at the time of the hearing; because he was incarcerated, he was also unable to continue participating in other reunification services, including substance abuse counseling and visits with the child; several months before his most recent arrest, and nearly one year

after the child had been removed from his care, he had pleaded guilty to a Class C drug furnishing charge and was subject to a deferred disposition, *see* 17-A M.R.S. §§ 1348 to 1348-C (2015);[2] he continued to abuse "multiple substances" while this matter was pending even though jeopardy was based in part on his "polysubstance abuse"; he was not "open and honest" with his providers; he has made statements, which the court discredited, that he does not understand what the Department and providers expect of him; and he feels he is "the victim" in this proceeding.

[¶4] The mother "has a lengthy history of substance abuse, both before and during this proceeding"; "admits using drugs until February 2016 and alcohol to excess until after an altercation with her sister" in the summer of 2016, which was several months before the termination hearing, even though—as with the father—jeopardy was based in part on her "polysubstance abuse"; and she "continues to maintain a relationship with [a person] . . . who she should well know should not be in [the child's] life, and who may well be a threat to her sobriety," and for whom she had, in fact, recently provided transportation when he was released from prison.

---

[2] Title 17-A M.R.S. §§ 1348-A and 1348-B have since been amended, but the amendments are not relevant in the present case. *See* P.L. 2015, ch. 496, § 10 (effective July 29, 2016) (codified at 17-A M.R.S. § 1348-A (2016)); P.L. 2015, ch. 431, § 43 (effective July 29, 2016) (codified at 17-A M.R.S. § 1348-B (2016)).

[¶5]   Finally, the child, who was nearly five years old when the termination hearing was held, had been in foster care for approximately a quarter of his life, and his need for "permanency, stability, certainty, and competent parenting . . . in a safe and loving home" was being fulfilled at his current placement where he was "settled and happy."

[¶6]  These findings are sufficient to support the court's determinations that the parents have not ameliorated "the serious issues of substance abuse, healthy relationships, and violence" that resulted in the removal of the child from their care; and that "[o]ver the 15 or so months [that] this case [was pending], neither parent . . . demonstrated the skills, ability, or . . . the desire to put [the child's] . . . needs[] and his safety first."  Accordingly, the court did not err or abuse its discretion in determining that the parents are unfit and that termination of their parental rights is in the child's best interest.  *See In re Cameron B.*, 2017 ME 18, ¶¶ 10-11, 154 A.3d 1199; *In re Hannah S.*, 2016 ME 32, ¶ 9, 133 A.3d 590; *In re Thomas H.*, 2005 ME 123, ¶¶ 16-17, 30, 889 A.2d 297.

The entry is:

Judgment affirmed.

Matthew A. Hunter, Esq., Caribou, for appellant Father

Amy McNally, Esq., Woodman Edmands Danylik Austin Smith & Jacques, P.A., Biddeford, for appellant Mother

Janet T. Mills, Attorney General, and Hunter C. Umphrey, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Presque Isle District Court docket number PC-2015-16
FOR CLERK REFERENCE ONLY