MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2017 ME 197
Docket:        Yor-17-128
Submitted
 On Briefs:    September 27, 2017
Decided:       October 5, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

IN RE BRAXTON M.

PER CURIAM

[¶1]  The parents of Braxton M. appeal from a judgment of the District Court (Biddeford, *Foster, J.*) terminating their parental rights to Braxton pursuant to 22 M.R.S. § 4055 (1)(A)(1)(a) and (B)(2)(a), (b)(i)-(ii), (iv) (2016).  The father challenges the sufficiency of the evidence to support the trial court's finding of parental unfitness.  Counsel for the mother filed a brief indicating that there are no arguable issues with merit in this appeal and, by order dated May 22, 2017, we afforded the mother the opportunity to file a supplemental brief.  The mother did not file any supplemental materials.  Because the evidence supports the court's findings and discretionary determinations, we affirm the judgment.

[¶2]  Based on competent evidence in the record, the court found, by clear and convincing evidence, that the parents were unable to protect the child from jeopardy or take responsibility for the child within a time

reasonably calculated to meet his needs, that they had failed to make a good faith effort to rehabilitate and reunify with the child, and that termination of their parental rights is in the child's best interest. *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i)-(ii), (iv); *In re Robert S.*, 2009 ME 18, ¶ 15, 966 A.2d 894. The court based this determination on the following findings of fact.

[¶3] "[The father] was charged with Domestic Violence Assault; the victim was [the mother]. The incident had occurred in the presence of [the child]." The mother "detailed a series of incidents during which [the father] verbally and/or physically assaulted her, including a claim that he attempted to choke her on one occasion prior to the Department's involvement."

[¶4] There were also "several reports made to the Department which alleged [the mother] had begun a relationship with [a sex offender] . . . . The concern was that [the mother] was allowing [the child] to have contact with [the sex offender]."

> As to [the sex offender], [the mother] explained that it had taken some time to extricate herself from the relationship she had with [the sex offender], one that she described as abusive and marked by constant fighting. Yet it is clear that [the mother] continued to be involved with [the sex offender] through the summer of 2016, over a year after she was told of [the sex offender's] history.

[¶5]  The court also found that neither parent has engaged in services needed to ameliorate jeopardy to the child or as required by their reunification plans.  "Throughout the fall of 2015 and the first half of 2016, neither parent was very active in reunification services."

> [The mother] rejects the proposition that she has a substance abuse problem that has affected her ability to raise her child.  At trial, she indicated she would "definitely consider" stopping her use of marijuana if [the child] was placed with her.  The implication is that she does not see the need to stop for her own individual benefit.  Yet substance abuse is one of the factors cited by the Court in the Jeopardy Order of August 7, 2015.  Since the entry of that order, [the mother] has continued to use marijuana on a regular basis, continued to drink alcohol, and tested positive for cocaine and benzodiazepines in August of 2016.  Her use has been implicated in a traffic accident, resulted in a civil adjudication and fine for the use of alcohol as a minor, and been an element in altercations with [the father].  She has not yet begun treatment for substance abuse.

> [The father] shows a disconcerting tendency to minimize or rationalize his behavior.  One example is the incident of November of 2015, which resulted in his arrest for assault and for which he currently is on a Deferred Disposition.  [The father] characterized the incident as one of self-defense, explaining that [the mother] had not been willing to leave their apartment and had struck him before he physically removed her.  He declined to classify it as domestic violence, explaining he had not intended to harm [the mother].  Similarly, he acknowledged he had been angry in June 2016 when he had thrown a drink in the car in which [the mother] had been riding.  [The father] agreed that "technically" that constituted offensive physical contact.  However, he continued, it had not been intentional but rather a violent outburst.  Those characterizations are at odds with the

textbook recitation by [the father] of what constitutes domestic violence.

[¶6]   Although, "after an inconsistent start [the father] had begun attending weekly group meetings at Violence No More[,]" he has not fully engaged in the services required by the reunification plan and needed to ameliorate jeopardy.

[¶7]   Finally, the child "has been in at least four placements since the Department became involved with his family in the spring of 2015."   "[The maternal great Aunt] has made a positive connection with [the child] and is ready to provide a permanent home for him in a manner that suits his needs. The sooner that can be accomplished, the better for [the child]."

[¶8]  These findings are sufficient to support the court's determinations that the parents are unable to protect the child from jeopardy or take responsibility for the child within a time reasonably calculated to meet his needs, that they had failed to make a good faith effort to rehabilitate and reunify with the child, and that termination of their parental rights is in the child's best interest.  *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i)-(ii) & (iv); *In re Bradyn B.*, 2017 ME 168, ¶ 6, --- A.3d ---.  Accordingly, the trial court did not err or abuse its discretion when it determined that that the parents are unfit and that termination of their parental rights is in the child's best interest.

*See id.*; *see also In re K.M.*, 2015 ME 79, ¶ 9, 118 A.3d 812 ("Where the court finds multiple bases for unfitness, we will affirm if any one of the alternative bases is supported by clear and convincing evidence.").

The entry is:

Judgment affirmed.

---

Amy McNally, Esq., Woodman Edmands Danylik Austin Smith & Jacques, P.A., Biddeford, for appellant father

Pamela S. Holmes, Esq., Holmes Legal Group, LLC, Wells, for appellant mother

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Biddeford District Court docket number PC-2015-38
FOR CLERK REFERENCE ONLY