### In re MARK M. and Wendy R.

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 5, 1990.
Decided Oct. 26, 1990.

---

Joel Vincent, Scarborough Law Offices, Scarborough, for appellant.

Christine Foster, Asst. Atty. Gen., Dept. of Human Services, Portland, for appellee.

Christine Dilworth, Windham, Guardian Ad Litem.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS, and BRODY, JJ.

COLLINS, Justice.

The mother of Mark M. and Wendy R. appeals directly to this Court, pursuant to 22 M.R.S.A. § 4006, from a judgment in the District Court (Portland, *Rogers, J.*) terminating her parental rights, and from the denial of her Motion to Strike Default.

■ We treat the Motion to Strike Default as a motion for a new trial or to alter, amend, or vacate the judgment pursuant to M.R.Civ.P. 59. *Most v. Most,* 477 A.2d 250, 256 n. 2 (Me.1984). The District Court did not abuse its discretion in denying the motion, which alleged no error of law or mistake of fact, nor the existence of any new evidence that would have changed the result. *See Harrington v. Town of Garland,* 381 A.2d 639, 642 (Me.1978).

■ The mother contends that the evidence was insufficient to support the District Court's determination that she had abandoned her children.[1] For purposes of termination of parental rights proceedings, "abandonment" is defined as

any conduct on the part of the parent showing an intent to forego parental duties or relinquish parental claims. The intent may be evidenced by:

A. Failure, for a period of at least one year, to communicate meaningfully with the child;

B. Failure, for a period of at least one year, to maintain regular visitation with the child;

C. Failure to participate in any plan or program designed to reunite the parent with the child;

D. Deserting the child without affording means of identifying the child and his parent or custodian;

1. The District Court also found by clear and convincing evidence that termination is in the best interests of the two children. The mother does not challenge that determination in this appeal. 22 M.R.S.A. § 4055 requires that the court find both that termination is in the best interest of the child, and that at least one of four different criteria, of which abandonment is one, is met.

E. Failure to respond to notice of child protective proceedings; or

F. Any other conduct indicating an intent to forego parental duties or relinquish parental claims.

22 M.R.S.A. § 4002(1–A) (Supp.1989). The court did not specify which of the statutory grounds it relied on to support the conclusion of abandonment.[2] The mother argues that the finding of abandonment must have been predicated on her failure to appear at the January 8, 1990, hearing, which she claims should be excused.

We review the record to determine whether it contains adequate grounds to support, by clear and convincing evidence, the court's finding of abandonment. *See In re Jeffrey E.*, 557 A.2d 954, 956 (Me. 1989). A prior attempt at reunification of the family in 1986–1987 failed, and subsequently DHS was relieved by court order of any responsibility to pursue reunification. The guardian ad litem's report stated that the mother had "not engaged in any meaningful efforts at reunification" since that time. Additionally, the report characterized her contact with the children as sporadic, supporting a finding of a "failure, for a period of at least one year, to maintain regular visitation with the child[ren]." Abandonment was thus sufficiently demonstrated by clear and convincing evidence pursuant to 22 M.R.S.A. § 4002(1–A).

■ The mother contends on appeal that the guardian ad litem's report was inadmissible hearsay. Because no objection was raised to its admission at the hearing, we review for obvious error sufficient to deprive her of a fair hearing and work an injustice. *See Dongo v. Banks*, 448 A.2d 885, 889 (Me.1982) (faulty jury instruction). The parental termination statute specifically requires the guardian ad litem to prepare a report, which shall be provided "to the court on consent of all parties." 22 M.R.S.A. § 4005(1)(D). The report not having been objected to by the mother, we find no obvious error in its admission.

**2.** This Court has emphasized the importance of detailed fact-finding in parental termination

The entry is:

Judgment affirmed.

All concurring.

cases. *In re Amanda D.*, 549 A.2d 1133, 1134 n. 1 (Me.1988).