## In re DANIELLE B.

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 24, 1996.

Decided Nov. 21, 1996.

Susan E. Oram, Bonneau & Geismar, Lewiston, for Appellant.

Diane Doyan, Peter J. Malia, Assistant Attorneys General, Augusta, Kathleen Butler, GAL, Lewiston, for Appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

GLASSMAN, Justice.

Arthur O., the father of Danielle B., appeals from the judgment entered in the Superior Court (Androscoggin County, *Delahanty, J.*) affirming the judgment of the District Court (Lewiston, *Beliveau, J.*) denying the father's motion, pursuant to M.R.Civ.P. 60(b)(3) and 60(b)(6), for relief from the judgment terminating his parental rights to Danielle. We affirm the judgment.

The record reveals the following: Arthur and his counsel appeared at the July 20, 1994, hearing in the District Court (Lewiston, *Beliveau, J.*) on the petition for the termination of Arthur's parental rights to Danielle filed by the Department of Human Services (DHS). Following the representation to the court that Arthur was prepared to voluntarily consent to the termination of his parental rights, and prior to Arthur signing a written consent, the court inquired of Arthur as to his understanding of the effect of such consent, the effect of a judgment of termination and whether his consent was knowing and of his own free will. On August 9, 1994, a judgment was entered terminating Arthur's parental rights to Danielle reciting, *inter alia*, that Arthur had "voluntarily and knowingly executed before the Court a written Consent to Termination of Parental Rights." [1] Arthur did not appeal from that judgment. Rather, on October 25, 1994, he filed the present motion, pursuant to

---

1. Danielle's mother, who at the hearing also signed a written consent to the termination of her parental rights, did not appeal from the judgment of termination.

M.R.Civ.P. 60(b)(3) and 60(b)(6), seeking relief from the judgment on the ground that he had consented to the termination of his parental rights because he had been assured by DHS, Danielle's foster parents and the guardian ad litem for Danielle that he would be permitted to continue visitation with Danielle.

Following the evidentiary hearing on the motion, the court found that neither the DHS caseworker, Danielle's guardian ad litem, nor Arthur's counsel had ever guaranteed to Arthur he would have a right to have contact with his daughter subsequent to the judgment terminating his parental rights. During the period between the filing of the petition for the termination of Arthur's parental rights and the hearing on that petition, Arthur's counsel had advised him of the legal implications of termination and that was buttressed by the testimony of Danielle's foster mother that Arthur had told her she did not have to attend the termination proceedings because he was consenting to the termination of his parental rights. The court further found that at no time during the course of the termination proceedings did Arthur or his counsel mention or bring before the court any evidence of a misunderstanding on the issue of Arthur's continued contact with Danielle following a termination of his parental rights. Based on these findings, the court determined that Arthur had failed to establish there was any fraud, misrepresentation or misconduct of any party, or any other reason that would justify setting aside the termination judgment, and entered a judgment denying Arthur's motion. From the judgment entered in the Superior Court affirming the judgment of the District Court, Arthur appeals.

■ Arthur contends the trial court abused its discretion by denying his motion for relief from the judgment terminating his parental rights to Danielle. He argues, as he did before the trial court, that the alleged statements made by the DHS caseworker, Danielle's foster parents and her guardian ad litem regarding visitation, on which he reasonably relied when consenting to the termination, constituted fraud, misrepresentation or other misconduct and entitled him to relief pursuant to M.R.Civ.P. 60(b)(3). Further, Arthur contends that even if the alleged statements did not rise to the level required for relief pursuant to subsection (3), equity required he be granted relief pursuant to subsection (6) of Rule 60(b). We disagree.

■ M.R.Civ.P. 60(b) provides, in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... (6) any other reason justifying relief from the operation of the judgment.

M.R.Civ.P. 60(b)(3), (6). When, as here, the Superior Court acts as an intermediate appellate court, our review is of the proceedings before the trial court to determine whether it abused its discretion by denying the motion for relief from a judgment pursuant to Rule 60(b). *Fleet Bank of Maine v. Hunnewell,* 633 A.2d 853, 854 (Me.1993). We will vacate the decision of the trial court only when its denial of the motion works a plain and unmistakable injustice against the moving party. *Harris v. PT Petro Corp.,* 650 A.2d 1346, 1348 (Me.1994).

From our review of the entire record in this case, we conclude that the trial court did not abuse its discretion by denying Arthur's motion to be relieved from the judgment entered in the proceedings terminating his parental rights to Danielle.

The entry is:

Judgment affirmed.

All concurring.