MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2017 ME 85
Docket:        Cum-16-472
Submitted
  On Briefs:   April 27, 2017
Decided:       May 9, 2017
Corrected:     August 17, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

IN RE TACOMA M.

ALEXANDER, J.

[¶1]  The mother of Tacoma M. appeals from a judgment of the District Court (Portland, *Powers, J.*) terminating her parental rights to Tacoma pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (1)(B)(2) (2016).[1]  Counsel for the mother filed a brief indicating that there were no arguable issues with merit in this appeal and afforded the mother the opportunity to file a supplemental brief in accordance with our order dated December 26, 2016. The mother did not file a supplemental brief.  Because the evidence supports the court's findings and discretionary determinations, we affirm the judgment.

[¶2]  Based on competent evidence in the record, the court found, by clear and convincing evidence, that the mother was unable to protect the child from jeopardy or take responsibility for the child within a time reasonably

---

[1]  In a separate judgment, the court terminated the father's parental rights to Tacoma.  That judgment was not appealed.

calculated to meet his needs, had failed to engage in a good faith reunification effort with the child, and had abandoned the child, and that termination of the mother's parental rights is in the child's best interest. *See id.; In re Robert S.*, 2009 ME 18, ¶ 15, 966 A.2d 894. The court based this determination on the following specific findings of fact.

[¶3] At the time of the hearing the child was twelve years old. Until December 2015, he had been living in Maine with his father for three years. In January 2016, the father contacted the Department to inform it that he was homeless and could no longer care for the child, and that he had left the child with his own mother, who intended to move to Georgia without the child. He asked the Department to take responsibility for the child.

[¶4] The Department contacted the mother, who was living in Florida. She indicated to the Department that she would be willing to have the child live with her in Florida, but she could not give a consistent address. The Department also learned that the mother had not seen the child for three years and had struggled with opiate addiction. As a result of the father's request and the mother's inability to care for Tacoma, the Department sought and received a preliminary protection order from the District Court

(*Powers, J.*) that placed the child in the custody of the Department as of January 20, 2016.

[¶5]  Neither parent appeared for the jeopardy hearing.  Based on their failures to appear and on their failures to engage in any attempts at reunification, the court (*Eggert, J.*) issued a jeopardy order that found that both parents had abandoned the child.  As a result of that finding, the court relieved the Department of its obligation to provide reunification services.  The Department filed its petition to terminate both parents' parental rights on June 6, 2016, and the petition with regard to the mother was heard on August 30, 2016.

[¶6]  The mother testified at the termination hearing that she was sharing a home with three roommates in Florida and had a job.  She admitted to abusing oxycodone—stemming from a 2009 car accident—but stated that she was receiving methadone treatments and visiting a counselor weekly.  She denied abusing any substance or having slurred speech in her contacts with the Department since she began receiving treatment in 2015, despite credible testimony from two witnesses to the contrary.

[¶7]  The court noted that, since the case began, the mother never contacted the child, despite being provided with his contact information.  It

also found that she did little to reunify except sporadically respond to the Department's contact attempts. She never came to any court events but often participated by phone.

[¶8] The child has been living with his foster father in Falmouth since January 2016. The child does not want to live with his mother and recounted experiences of drugs and violence when he lived with her in Florida years ago. He wishes to be adopted by his foster father, a permanency plan that the Department and the GAL support.

[¶9] Given these findings, all of which are supported by competent evidence in the record, the court adequately explained how the mother abandoned the child and how she has failed to alleviate jeopardy, to engage in reunification services, and to protect the child in a time reasonably calculated to meet the child's needs. *See In re Cameron Z.*, 2016 ME 162, ¶¶ 17-18, 150 A.3d 805; *In re Jazmine L.*, 2004 ME 125, ¶ 16, 861 A.2d 1277. The court did not err or abuse its discretion in determining that termination of the mother's parental rights and adoption are in the child's best interest.[2]

---

[2] The issue of who should adopt Tacoma must be decided in a title 18-A adoption case, *see* 4 M.R.S. § 152(5-A) (2016); 18-A M.R.S. § 9-103(b) (2016), not through the trial court's determination that adoption is the permanency plan for this child, *see* 22 M.R.S. § 4038-B(4)(A) (2016).

*See In re Thomas H.*, 2005 ME 123, ¶¶ 16-17, 889 A.2d 297.  Accordingly, we affirm the judgment.[3]

The entry is:

Judgment affirmed.

---

Valerie A. Randall, Esq., Fairfield & Associates, P.A., Portland, for appellant mother

The Department of Health and Human Services did not file a brief

Portland District Court docket number PC-2016-7
FOR CLERK REFERENCE ONLY

---

[3] Because we affirm the judgment terminating mother's parental rights, we do not address the cease reunification order.