MAINE SUPREME JUDICIAL COURT                                Reporter of Decisions
Decision:      2017 ME 135
Docket:        And-17-47
Submitted
  On Briefs:   June 14, 2017
Decided:       June 27, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, HJELM, and HUMPHREY, JJ.

## IN RE KAYLIANNA C.

HJELM, J.

[¶1]  The father of Kaylianna C. appeals from a judgment of the District Court (Lewiston, *Dow, J.*) terminating his parental rights to Kaylianna pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2) (2016), and from the court's denial of his motion for a new trial or for reconsideration.  *See* M.R. Civ. P. 59.  The father argues that he was deprived of due process because the court terminated his parental rights even though he was not present at the final hearing, and, when he later told the court that he had not attended due to transportation problems, the court failed to provide him with an alternative opportunity to be heard.  Finding no error or abuse of discretion in the court's decisions, we affirm.

## I.  BACKGROUND

[¶2]  After a hearing, the court found, by clear and convincing evidence, that the father was unwilling or unable to protect the child from jeopardy or

take responsibility for the child within a time reasonably calculated to meet her needs, failed to make a good faith effort to reunify with the child, and had abandoned the child, and that termination of the father's parental rights was in the child's best interest. *See* 22 M.R.S. § 4055(1)(B)(2); *In re Tacoma M.*, 2017 ME 85, ¶ 2, --- A.3d ---. The court made its determination based on the following findings of fact that are supported by competent evidence in the record. *See In re Kayleigh P.*, 2017 ME 96, ¶ 2, --- A.3d ---.

[¶3]  The father, who, as the parties agree, lives in Massachusetts, is effectively a stranger to the child—his paternity was not established until after this child protection matter had been commenced, and he has met the child only a few times in her life. Because the father was largely absent from the child's life, he was not in a position to protect her from harm that occurred while she was in the mother's custody.[1] During the pendency of this matter, the father failed to meaningfully engage in reunification and did not comply with the visitation schedule established by the Department of Health and Human Services. A study completed at the Department's request pursuant to

---

[1] The record establishes that when the child was approximately two years old and was in the mother's care, she was assaulted by the mother's boyfriend and developed an associated medical condition.

the Interstate Compact for the Placement of Children did not recommend placement with the father.  *See* 22 M.R.S. § 4255 (2016).

[¶4]  In April 2016, the father attended a jeopardy hearing and agreed to the issuance of a jeopardy order based on his failure to protect the child. Both through out-of-state process and at a pretrial conference held on September 29, 2016, the father was served with the Department's petition to terminate his parental rights.

[¶5]  The father was subsequently notified of a three-day termination hearing, but he was not present when the hearing commenced on December 2, 2016.  The father's attorney was present and did not request a continuance or otherwise assert that the hearing should not go forward.  Without objection from the father, the court stated that the prior orders issued in this case and the guardian ad litem's reports would be part of the record.  The Department presented the testimony only of the Department caseworker, and the father presented no evidence.  After the Department and father rested, the court announced its decision to terminate the father's parental rights based on its findings that the Department had proved all four grounds of parental unfitness and that termination was in the child's best interest.[2]

---

[2] After the court announced its decision as to the father, the Department proceeded to present evidence against the mother, who was present on the first day of the hearing but did not appear for

4

[¶6]   On December 8, 2016, before the court issued its written judgment, the father filed a motion for a new trial or for reconsideration of the termination decision that the court had stated orally.  *See* M.R. Civ. P. 59.  The motion stated, "The father has contacted counsel and explained that [he] was not present because he resides in Massachusetts, and . . . his vehicle was stolen the night before the hearing."  The motion further stated that but for that circumstance, the father would have attended the hearing and would have been "able to offer testimony in his defense."  The motion did not explain why the father had not notified the court or his attorney on the day of the hearing that he would not attend; it did not provide any support for the claim that the car had been stolen; and it did not describe what testimony the father claimed he would have provided at the hearing.  The Department opposed the motion, and the court summarily denied it on December 15, 2016.  The final judgment terminating the parental rights of both parents was entered on December 27, and the father timely appealed.   *See* 22 M.R.S. § 4006 (2016); M.R. App. P. 2(b)(3).

---

the second day.  Based on the evidence presented, the court terminated the mother's parental rights.  She does not appeal.

## II. DISCUSSION

[¶7] On appeal, the father does not contest the sufficiency of the evidence supporting the court's parental unfitness and best interest determinations. Rather, he argues that the court deprived him of due process by terminating his parental rights even though he was not present at the termination hearing, and by failing to grant his motion for a new trial or provide him with an alternative opportunity to be heard when he notified the court, six days after the hearing was held, that his absence was due to the alleged theft of his car.[3]

[¶8] We review the denial of a motion for a new trial "deferentially . . . for a clear and manifest abuse of discretion." *Arundel Valley, LLC v. Branch River Plastics, Inc.*, 2016 ME 175, ¶ 11, 151 A.3d 938 (citations and quotation marks omitted); *see also In re Mark M.*, 581 A.2d 807, 808 (Me. 1990). "When due process is implicated, we review such procedural rulings to determine whether the process struck a balance between competing concerns that was

---

[3] The father also argues that the court's summary denial of his Rule 59 motion was insufficient to inform the parties of the basis for its decision and to allow for meaningful review on appeal. In a termination proceeding, M.R. Civ. P. 52(a) requires the court to "make specific findings of fact and state its conclusions of law thereon as required by 22 M.R.S. § 4055," which prescribes the grounds for a termination decision. Here, in its oral and written decisions, the court made findings of fact and stated its conclusions of law as required by Rule 52(a). Contrary to the father's argument, however, his Rule 59 motion did not by itself trigger an obligation for the court to make additional findings of fact or otherwise explain its reasoning in denying the motion.

fundamentally fair." *In re A.M.*, 2012 ME 118, ¶ 14, 55 A.3d 463 (quotation marks omitted).

[¶9] Due process is a "flexible concept that calls for such procedural protections as the particular situation demands." *Id.* ¶ 15 (quotation marks omitted) (noting that a due process challenge to a judgment terminating parental rights must be reviewed pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976)). In termination proceedings, where a parent's fundamental right to care for his or her child is at stake, "due process requires: notice of the issues, an opportunity to be heard, the right to introduce evidence and present witnesses, the right to respond to claims and evidence, and an impartial factfinder." *In re A.M.*, 2012 ME 118, ¶ 16, 55 A.3d 463 (quotation marks omitted).

[¶10] "When incarceration is not involved and a parent fails to appear, courts generally discern no abuse of discretion or violation of due process in proceeding with the hearing if the parent's absence was occasioned by circumstances voluntarily created by that parent." *Id.* ¶ 19; *see also In re Adden B.*, 2016 ME 113, ¶ 8, 144 A.3d 1158 (concluding that a father's absence due to illness was not "involuntary" in part because the court questioned the credibility of his assertion that he was ill). Further, regardless of whether a

parent's failure to appear at a termination hearing is voluntary, a court does not deprive the absent parent of due process by terminating her parental rights if that parent fails to make an offer of proof, *see* M.R. Evid. 103(a)(2), through a timely post-judgment motion, "indicating what additional relevant information might be provided to the court by her presence or her testimony." *In re A.M.*, 2012 ME 118, ¶¶ 18, 23, 55 A.3d 463; *see also In re Randy Scott B.*, 511 A.2d 450, 453 (Me. 1986) (rejecting a parent's due process challenge when he "failed to show any prejudice caused by his absence from the [termination] hearing").

[¶11]  That is the case here.  The father did not explain in his Rule 59 motion, and does not explain on appeal, how his participation in the trial would have affected the court's determinations that he was parentally unfit and that termination was in the child's best interest.  He did not make an offer of proof or otherwise provide the court with a description of the information he would have offered to oppose the termination petition, particularly given the Department's evidence that he had played virtually no role in the child's life both before and during the pendency of this proceeding and had not made meaningful efforts to reunify with her.[4]  *See In re A.M.*, 2012 ME 118, ¶ 25,

---

[4] We further note that as a result of the father's unexplained failure to contact the court or his attorney on the day of the hearing when the alleged transportation problem arose, he did not

8

55 A.3d 463 (stating that a parent's "failure to explain on appeal how her absence . . . could have affected the trial or its outcome is relevant in determining on appeal whether she has been deprived of due process").

[¶12]  The court therefore did not abuse its discretion by denying the father's motion for a new trial or for reconsideration.  *See Arundel Valley, LLC*, 2016 ME 175, ¶ 11, 151 A.3d 938.

The entry is:

Judgment affirmed.

---

Richard Charest, Esq., Lewiston, for appellant Father

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Lewiston District Court docket number PC-2015-69
FOR CLERK REFERENCE ONLY

---

request a continuance or seek to participate by video or telephone.  *See* M.R. Civ. P. 43(a) (stating that "for good cause shown," a court may "permit presentation of testimony in open court by contemporaneous transmission from a different location").