MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2018 ME 153
Docket:        Yor-18-132
Submitted
  On Briefs:   September 26, 2018
Decided:       November 20, 2018

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

## IN RE CHILD OF TANYA C.

PER CURIAM

[¶1]  Tanya C. appeals from a judgment entered by the District Court (Springvale, *Moskowitz, J.*) terminating her parental rights to her youngest child[1] pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (1)(B)(2)(a), (b)(i)-(iv) (2017).  The mother contends that she was denied due process when the court conducted an evidentiary hearing on the petition to terminate her parental rights in her absence, and that the court erred when it found her unfit and abused its discretion when it determined that terminating her parental rights is in the best interest of the child.[2]  *See id.*  We affirm the judgment.

---

[1]  The mother also has two older children who were the subject of a prior child protection petition, but are not the subject of this appeal.

[2]  The father consented to the termination of his parental rights on July 12, 2018, and he is therefore not a party to his appeal.  *See* 22 M.R.S. § 4055(1)(B)(1) (2017).

## I. BACKGROUND

[¶2]  The following facts are supported by competent evidence drawn from the court's judgment and the procedural record.  *See In re Children of Nicole M.,* 2018 ME 75, ¶ 2, 187 A.3d 1.

[¶3]  The Department of Health and Human Services has been involved since the early days of the child's life.  The mother has struggled with substance abuse and mental health issues, unsteady housing, and domestic violence.  In June 2016, the court (*Foster, J.*) issued a jeopardy order as to her youngest child.

[¶4]  On October 7, 2016, the Department filed its first petition to terminate the mother's parental rights.  On August 3, 2017, the court (*Cantara, J.*) denied the Department's petition, noting that the mother was "on the cusp of achieving all of the benchmarks of prolonged sobriety, stability, appropriate housing, employment and a sustained capacity to parent" her child.

[¶5]  On November 27, 2017, however, the Department filed a second petition for termination of parental rights, citing the mother's positive drug screen in September 2017, failure to engage in mental health counseling, and lack of stable housing.  The Department served the mother with a copy of the petition, which included a notice that a hearing on the petition would be held on December 27, 2017, and that

> [f]ailure to appear at [a] court hearing or court conferences regarding this matter may be determined to indicate an intent to abandon the child(ren) pursuant to 22 M.R.S.A. §4002(1-A). A finding of abandonment may be the basis for removal of a child from your custody and may ultimately lead to termination of your parental rights.

On November 27, 2017, the court also sent a separate notice to the parties that a case management hearing would be held on December 27, 2017.

[¶6] On December 27, 2017, the Department's attorney, a caseworker, the guardian ad litem, the mother's attorney, and the presiding judge appeared in the courtroom, but the mother did not personally appear. The court recessed to allow the mother's attorney to attempt to reach her, but those efforts were unsuccessful.

[¶7] At the Department's request—and over the objection of the mother's attorney—the court (*Moskowitz, J.*) held a hearing on the termination petition. The Department presented the testimony of its caseworker to demonstrate that the mother is unfit and that termination of her parental rights would be in the best interest of this child. The mother's attorney cross-examined the Department caseworker and presented a closing argument.

[¶8] By judgment entered the same day as the evidentiary hearing, the court found the following facts by clear and convincing evidence.

[In the order denying the first termination petition, t]he court noted that [the mother] was struggling with substance abuse, with securing a stable place to live, with mental health issues and with staying away from abusive partners . . . who presented a danger to both [the mother and the child]. . . .

. . . A hearing was scheduled to take place on today's date, December 27, 2017. . . . [The mother] failed to appear.

. . . Based on testimony of [the Department caseworker], which the court finds to be credible, the court finds that [the mother] has provided very limited information regarding her circumstances . . . . The only communication [the mother] has with [the caseworker] occurs when [the mother] requires payment for her suboxone treatments or when [the mother] is interested in obtaining information as to the status of an ongoing matter the Department has with [the mother's] significant other . . . . [The mother] has engaged in substance abuse counseling, but she has failed to fully comply with treatment requirements. . . .

. . . Additionally, and also very troubling, is the fact that [the mother] has not engaged in mental health counseling, she has no safe and stable housing and she is currently associated with [a significant other], who himself struggles with substance abuse and mental health issues. . . .

[The child] is nearly three-and-a-half-years old [and] has spent most of [its] young life in the care of the Department and apart from [the mother]. [The child] has been residing with . . . foster parents for a year, [and]. . . is happy and safe . . . and is connected to them; [the child] refers to [the foster parents] as "mommy" and "daddy." [The child] deserves and needs permanency.

. . . .

Termination of [the mother's] parental rights is in the best interest of [the child]; [the mother] is unwilling or unable to protect

[the child] from jeopardy and these circumstances are unlikely to change within a time reasonably calculated to meet [the child's] needs; [the mother] is unwilling or unable to take responsibility for [the child] within a time that is reasonably calculated to meet [the child's] needs; [the child] has been abandoned by [the mother]; and [the mother] has failed to make a good faith effort to rehabilitate and reunify with [her child] . . . .

[¶9] On January 11, 2018, the mother moved to amend the findings and for a new trial.[3] *See* M.R. Civ. P. 52(b), 59. On March 29, 2018, the court (*Duddy, J.*) denied the mother's motion for a new trial and denied in part and granted in part her motion to amend findings.[4] The amended findings did not change the result of the court's judgment.[5] The mother timely appeals.

---

[3] The mother submitted an affidavit in support of her motion for a new trial stating a series of facts she would have sought to introduce in evidence had she attended the December 27 hearing, but her present appeal focuses on the alleged procedural defects of the termination hearing, not the motion for a new trial.

[4] We note that, at the outset of the motion hearing, the presiding judge appropriately inquired of counsel whether there was any objection to his deciding the motion because he had not issued the underlying termination judgment. The parties affirmatively stated that they did not object. Nevertheless, it is not clear why the judge who issued the judgment terminating the mother's parental rights did not also consider and rule on the mother's post-judgment motions. Although a successor court may handle such motions, except in unusual circumstances, this process should only be used when the original judge is no longer able to rule on the motions. *See In re C.P.*, 2016 ME 18, ¶ 25, 132 A.3d 174 (explaining that Rule 59 only authorizes a judge to entertain a motion to alter or amend the judgment of another judge of the same court in extraordinary circumstances such as the decreeing judge's death, resignation, sickness, or other disability); *see also Warren v. Waterville Urban Renewal Auth.*, 259 A.2d 364, 367 (Me. 1969).

[5] The court amended the findings to clarify the timeline of the drug screenings, adding that the September 2017 positive test was her "last drug screening for which the Department has results. . . ."

## II. DISCUSSION

### A. Due Process—Opportunity To Be Heard

[¶10] Because a parent's fundamental right to care for his or her child is at stake, due process requires "notice of the issues, an opportunity to be heard, the right to introduce evidence and present witnesses, the right to respond to claims and evidence, and an impartial factfinder." *In re Kaylianna C.*, 2017 ME 135, ¶ 9, 166 A.3d 976 (quotation marks omitted). Due process does not require that a parent be physically present at the termination hearing, "as long as notice of the hearing was given in a manner calculated to give actual notice and the parent had an *opportunity* to be heard." *In re Robert S.,* 2009 ME 18, ¶ 16 n.1, 966 A.2d 894. Further, "courts generally discern no abuse of discretion or violation of due process in proceeding with the hearing if the parent's absence was occasioned by circumstances voluntarily created by that parent." *In re Kaylianna C.*, 2017 ME 135, ¶ 10, 166 A.3d 976 (quotation marks omitted).

[¶11] In this case, there was no dispute that the notice of hearing on the termination petition was served on the mother within the time period prescribed by statute.[6] *See* 22 M.R.S. § 4053 (2017). The notice she received

---

[6] Counsel for the mother argues that proof of service was not filed with the court until January 18, 2018, and did not include an affidavit as required by M.R. Civ. P. 4(h). However, counsel

stated that a hearing would be held on the petition and provided the address of the court and the date and time of the proceeding "so that [she] may appear and be heard." The petition warned that a failure to appear at the "hearing or court conferences regarding this matter may be determined to indicate an intent to abandon the child[] . . . [which] . . . may ultimately lead to termination of your parental rights." *See* 22 M.R.S. § 4002(1-A)(E) (2017). Although the docket record reflects that a case management hearing was also scheduled, there is no indication in the record that the mother or her attorney received any notice from the court that her attendance was not required at the December 27 hearing on the termination petition.

[¶12] In the three months between the termination hearing and the hearing on her motion for a new trial, the mother did not provide any explanation for her absence from court on December 27. In light of the notice and warning regarding the hearing on the termination petition that were served upon her, the mother had ample notice and opportunity to be heard and to contest the petition to terminate her parental rights. However, she failed to

---

does not argue that any harm came from this defect and delay, and conceded at the December 27 hearing that the mother "was served with the petition." Proof of service filed with the court shows service was made on the mother on November 30, 2017, twenty-seven days before the termination hearing and thus well within the statutory period required for service to be made. *See* 22 M.R.S. § 4053 (2017).

appear without ever explaining her absence to the court. Under these circumstances, conducting an evidentiary hearing on a termination petition when a party is voluntarily absent without good cause does not constitute a deprivation of due process.[7] *See In re A.M.*, 2012 ME 118, ¶ 19, 55 A.3d 463.

B.      Sufficiency of the Evidence

[¶13]  Because there was no due process violation, we turn to the merits of the termination petition. We review factual findings that a parent is unfit for clear error and will determine that a finding is "unsupported only if there is no competent evidence in the record to support it . . . or if the finding is so contrary to the credible evidence that it does not represent the truth of the case." *Adoption of Isabelle T.*, 2017 ME 220, ¶ 30, 175 A.3d 639. Where a court finds "multiple bases for unfitness, we will affirm if any one of the alternative bases is supported by clear and convincing evidence." *In re K.M.*, 2015 ME 79, ¶ 9, 118 A.3d 812 (quotation marks omitted). We review the ultimate decision to terminate parental rights for an abuse of discretion, "viewing the facts, and the

---

[7] Although counsel for the mother raised the issue of whether the termination of parental rights order was entered as a final judgment or default judgment, counsel conceded that the hearing was not a default proceeding. Consequently, we need not address the question of whether entry of a termination order when a parent fails to appear constitutes a default judgment.

weight to be given them, through the trial court's lens[.]" *In re M.B.*, 2013 ME 46, ¶ 37, 65 A.3d 1260 (quotation marks omitted).

[¶14] The mother argues that there is insufficient evidence of unfitness. Specifically, she points to the court's earlier decision on August 3, 2017, denying the Department's first termination petition because the mother was "on the cusp of being able to take responsibility for [the child]," and argues that one positive drug screening in September 2017 is an insufficient basis on which to terminate her parental rights.[8] Although the court did consider the earlier August 3, 2017, order in its termination decision now on appeal, the court found that in the few months that had passed since that order, she tested positive for scheduled drugs, was inconsistent with drug screenings, failed to engage in mental health counseling, was unable to maintain safe and stable housing, and continued to associate with a significant other who also struggles with substance abuse and mental health issues. Based on these determinations, which are supported by competent evidence in the record, the court did not err in finding that the mother is unfit, nor did it abuse its discretion in concluding

---

[8] The August 3 decision also noted that the mother still had much work to do and that her "next steps would include . . . engaging in regular mental health counseling (until clinically discharged), a longer period of sobriety, and, of course, housing suitable and stable for both herself and her young [child]." To this end, the court also ordered that the mother "shall be subject to random testing of her person to make sure that she is alcohol and illegal drug free, or otherwise not impaired by any substance."

that termination of the mother's parental rights is in the best interest of this child. *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i)-(iv); *In re Thomas D.*, 2004 ME 104, ¶ 21, 854 A.2d 195.

The entry is:

Judgment affirmed.

---

James S. Mundy, Esq., Whitney, Mundy & Mundy, South Berwick, for appellant mother

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee State of Maine

Springvale District Court docket number PC-2016-11
FOR CLERK REFERENCE ONLY