MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2019 ME 64
Docket:       Som-18-364
Submitted
  On Briefs:  April 24, 2019
Decided:      May 2, 2019

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

IN RE CHILDREN OF ANTHONY N.


PER CURIAM

[¶1]  In this consolidated appeal of two child protection actions, Anthony N. appeals from a judgment of the District Court (Skowhegan, *Benson, J.*) terminating his parental rights to his two children who are the subject of the actions.[1]  We affirm the judgment.

[¶2]  The first of these child protection actions began in November of 2016—before the birth of the younger child—when the Department of Health and Human Services filed a petition for a child protection order with regard to the older child, who was just months old at the time.  The petition alleged that the child was at immediate risk of serious harm in the father's care due to the

---

[1]  The father also has two older children who are not the subject of these child protection actions.

After a contested hearing, the court also issued a judgment terminating the mother's parental rights to the children.  The mother filed a notice of appeal but ultimately withdrew it, leaving only the father's appeal, which we address here.

father's violent, unsafe, and aggressive behavior. Pursuant to a safety plan that was put in place by the Department, the child remained in the custody of the parents on conditions that the child live with the mother in the home of her relatives and that the parents' contact with the child be supervised. In March of 2017, after a contested hearing, the court (*Benson, J.*) entered a jeopardy order as to the father in which the court found that the child was at risk of serious harm based on the father's history of domestic violence and his untreated mental health problems. The court ordered that the child's placement arrangement continue and required the father to, among other things, participate in parenting classes and counseling, and provide the Department with up-to-date residence and contact information.

[¶3] Because the child's placement became unsuitable in June of 2017, the Department filed a petition for preliminary protection, which the court (*Fowle, J.*) granted the same day. The child was placed in foster care through the Department. The father waived his right to a summary preliminary hearing and later agreed to judicial review and permanency planning orders entered in August (*Benson, J.*) and November (*French, J.*) of 2017, both of which continued the reunification plan provided in the jeopardy order.

[¶4] On the same day in January of 2018 that the father's younger child was born, the Department petitioned for child protection and preliminary protection orders on behalf of the newborn. The court (*Stokes, J.*) granted the petition for preliminary protection and ordered that the Department take custody of the child, who was then also placed with the older child's foster family. The father did not appear at the summary preliminary hearing, but later agreed to the court's (*Benson, J.*) jeopardy order, entered in February, in which the court found the younger child to be in circumstances of jeopardy in the father's care based on the father's history of domestic violence, untreated mental health problems, and chronic substance use problem.

[¶5] Meanwhile, in January, the Department had filed a petition to terminate the father's parental rights as to the older child. In subsequent judicial review and permanency planning orders for each child, the court continued the reunification plans as to the father that had been established in the jeopardy orders for each child. In June of 2018 the Department filed a petition to terminate the father's parental rights to the younger child.

[¶6] At a consolidated hearing on the two termination petitions, held in August, the father's attorney was present but the father did not appear even though the court found that he had received notice of the hearing. The

4

Department presented testimony from the children's case manager. Based on that evidence and the prior orders in the cases, the court orally stated its conclusions that the State had proved by clear and convincing evidence that the father was parentally unfit pursuant to each of the statutory definitions of unfitness[2] and that termination of the father's parental rights would be in the children's best interests.

[¶7] A week later, the court issued a written judgment, which granted both termination petitions and contained the following supported factual findings, which the court found by clear and convincing evidence. *See In re Children of Christopher S.*, 2019 ME 31, ¶ 6, ---A.3d---.

> The Court . . . finds by clear and convincing evidence that the father stopped participating in the anger-management counseling to which the Department referred him and that he has done so without having successfully completed it. He has told the Department that he took this action because he did not have time for counseling. He has also declined to provide the Department any more concrete information about where he lives than that it is "somewhere in Fairfield on 201," so the Department and guardian *ad litem* have been unable to assess his present living situation and its suitability for either or both of these children. The Department has needed to have a police officer present to supervise the father's scheduled visits with the children. To his credit, the father has demonstrated very good attendance at these visits, which have gone well overall. Visits aside, however, the Court finds that the

---

[2] This included abandonment, *see* 22 M.R.S. § 4055(1)(B)(2)(b)(iii) (2018), which had not been alleged in the termination petition but which the court treated as if it had been pleaded in conformity with the evidence. *See* M.R. Civ. P. 15(b).

father simply has not taken the rehabilitation and reunification process seriously at all, as evidenced by his decision to stop participating in counseling.

[¶8] The court reiterated its determination that the father was parentally unfit—that he was unwilling or unable to protect the children from jeopardy or to take responsibility for the children within a time reasonably calculated to meet the children's needs; had abandoned the children by failing to appear for the hearing on the petition to terminate his parental rights, which demonstrated "an intent to forego parental duties or relinquish parental claims," *see* 22 M.R.S. § 4002(1-A) (2018) (defining "abandonment"); and had failed to make a good faith effort to rehabilitate and reunify with the children. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i)-(iv). The court found that the children were doing well, living together in a foster home that was safe and stable, and concluded that the termination of the father's parental rights is in the children's best interests.

[¶9] The father timely filed his notice of appeal. *See* 22 M.R.S. § 4006 (2018); M.R. App. P. 2B(c)(1). Pursuant to the procedure outlined in *In re M.C.*, 2014 ME 128, ¶ 7, 104 A.3d 139, counsel for the father filed a brief indicating that there are no arguable issues of merit for appeal and requested that the

6

father have additional time to file his own brief. Though we granted the father additional time to file a supplemental brief, he did not do so.

[¶10] Competent record evidence supports the court's determinations, which were predicated on supported factual findings and the application of the requisite standard of proof, that the father is parentally unfit and that termination of his parental rights is in the best interests of the children. *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i)-(iv); *In re Child of Tanya C.*, 2018 ME 153, ¶ 13, 198 A.3d 777 (stating the standard of review for judgments terminating parental rights). Accordingly, the court did not err by terminating the father's parental rights to the two children.

The entry is:

Judgment affirmed.

_____

Amy McNally, Esq., Woodman Edmands Danylik Austin Smith & Jacques, P.A., Biddeford, for appellant Father

The Department of Health and Human Services did not file a brief

Skowhegan District Court docket numbers PC-2016-80 & PC-2018-01