MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2020 ME 32
Docket:        Aro-19-427
Submitted
  On Briefs:   February 26, 2020
Decided:       March 12, 2020

Panel:         MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

IN RE CHILDREN OF JESSICA J.

PER CURIAM

[¶1]  The mother of two children appeals from an order of the District Court (Presque Isle, *Nelson, J.*) denying her post-judgment motions for a new trial and for relief from judgment, M.R. Civ. P. 59(a), 60(b)(6), following the court's entry of a judgment terminating her parental rights to her children, *see* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i), (ii) (2018).  The mother argues that the court abused its discretion in denying her post-trial motions because the Department of Health and Human Services had scheduled a visit between her and the children after the court entered its order terminating her parental rights.  Assuming without deciding that an appeal from post-judgment motions that do not involve claims of ineffective assistance of counsel is

2

permitted by 22 M.R.S. § 4006 (2018),[1] and that the same section permits post-judgment motion appeals not attached to orders terminating parental rights, *see generally In re Kaylianna C.*, 2017 ME 135, 166 A.3d 976, we disagree that the court abused its discretion in denying the mother's motions for a new trial and for relief from judgment. We therefore affirm the judgment.

## I. BACKGROUND

[¶2]  In December 2017, the Department filed a petition for a child protection order and preliminary protection order for the children, who at that time were one and four years old.  The petition alleged, and the accompanying affidavit from the Department averred, that the mother was abusing drugs, specifically methamphetamine, and that the children had been exposed to domestic violence.

[¶3]  The court (*O'Mara, J.*) entered an order of preliminary child protection and the children were placed in the Department's custody.  The mother waived her opportunity for a summary preliminary hearing, and the court entered an order maintaining the Department's custody of each child.

---

[1] We considered the merits of an appeal from a trial court's denial of a post-judgment motion under M.R. Civ. P. 60(b)(6) after entry of an order terminating parental rights in *In re M.P.*, 2015 ME 138, ¶ 1, 126 A.3d 718.  In that case, the mother's motion for relief from judgment alleged that her trial counsel had been constitutionally ineffective.  *Id.* ¶ 17; *see also* 22 M.R.S. § 4005(2) (2018) (providing that "[p]arents and custodians are entitled to legal counsel in child protection proceedings").  The mother raises no such argument here.

[¶4]  In April 2018, upon agreement of the parties after an informal mediation, the court (*Soucy, J.*) entered a jeopardy order against the parents as to both children.  The jeopardy finding as to the mother was based on neglect and emotional maltreatment resulting from the mother's persistent drug abuse.  The court ordered the mother to, among other things, attend mental health and substance abuse assessments and follow recommendations for treatment, consistently attend visitation with the children, participate in random drug screening, attend all family team meetings as scheduled, and maintain contact with her caseworker.  The permanency plan was for reunification of the children with the parents.  Although the children remained in the Department's custody, they were placed in a kinship placement.

[¶5]  In May 2019, the Department petitioned to terminate the mother's parental rights to both children based on her lack of progress toward the rehabilitation and reunification goals.  The court (*Nelson, J.*) held a hearing on the petition in August 2019.  After hearing testimony from several witnesses,

4

including the mother, the court entered a judgment terminating the mother's parental rights on September 4, 2019.[2]

[¶6]  The court made the following factual findings, all of which are supported by competent evidence in the record.  *See In re Child of Erica H.*, 2019 ME 66, ¶ 3, 207 A.3d 1197.

> Mother has a long history of substance abuse that started when she was age 13.  She was herself involved in the child protective system after having been exposed to substance abuse as a teenager in the care of her [sibling].  Her substance abuse struggles continued to plague her up through the weeks prior to the hearing on the Department's petition to terminate the parental rights of both parents.
>
> . . . .
>
> Early on in the case when discussing the recommendation to go to inpatient rehab, she indicated that she would go if DHHS *wanted her to*, with no appreciation for the impact that her substance abuse issues were having on her and the children.
>
> In the fall of 2018, mother was serving a 6-month jail sentence for drug possession.  Mother acknowledged that upon her release from incarceration, she was living in "drug homes" that were a challenge to her sobriety.  In February of 2019, mother did find employment for a period of time, but did not engage in any substance abuse treatment through the end of April, 2019.  At the end of April, mother referred herself to another substance abuse counselor . . . . Mother failed to substantially

---

[2]  The judgment also terminated the father's parental rights, but he did not appeal from the judgment, so we do not address the court's decision with regard to him.

engage in that treatment and was not consistent with her appointments.

Mother has been provided referrals for a mental health assessment to determine the appropriate course of treatment. Mother failed to attend any of those intake appointments. Through August 14, 2019, she has failed to participate in any mental health services other than a short stay at [a hospital], despite this clearly being identified as a significant need for her from the outset of this case.

After being served with the termination of parental rights petition, mother indicated a desire to continue in services. Days later, she went on a bender and used methamphetamine. Mother indicated that was the only way for her to cope. An incident related to her [older child's] birthday combined with the petition, set her off.

Mother was actively using methamphetamine and struggling with caring for herself when she presented to the emergency room . . . with suicidal ideation in the latter part of July, 2019. From [the medical center], she was referred to [a hospital] in Bangor for what she described as detox and mental health treatment. When mother did go to [the hospital], she informed the Department that she wanted to go to [that hospital] because father was there and he convinced mother to move to Bangor. Mother received some care, but left the program against medical advice.

[¶7] The court determined that the Department had met its burden of establishing by clear and convincing evidence that the mother is unwilling or unable to protect the children from jeopardy and that these circumstances are unlikely to change within a time which is reasonably calculated to meet the children's needs, and that the mother is unwilling or unable to take

6

responsibility for the children within a time which is reasonably calculated to meet their needs. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i), (ii).

[¶8] The court made the following additional findings with respect to the best interest determination:

> The children have been living with [their relatives] since early on in this case. The children are thriving in their home. Both children are close with one another and it is crucial that they remain together. They are with loving family members which has helped to ease their transition into care. Mother's inconsistency with the visits has caused confusion for the children and an increase in behaviors. This increase in behaviors has been caused by that inconsistency rather than by lack of contact with her by the children, as mother contends.

[¶9] The court then determined that termination of the mother's parental rights is in the best interests of the children. *Id.* § 4055(1)(B)(2)(a).

[¶10] Thereafter, the mother filed motions for a new trial and for relief from judgment. *See* M.R. Civ. P. 59(a), 60(b)(6). The mother's motions alleged that the Department had contacted her following entry of the court's judgment to arrange for a visit or visits—it is not clear which—with the children. This, she argued, undermined an essential basis for the order terminating her parental rights and entitled her to a new trial or relief from the judgment. The Department opposed the motions, arguing that this last visit was nothing more than a "closure visit," commonly scheduled in

appropriate cases, and that the visit was planned with the children's best interests in mind after consultation with their therapists and case manager. The court denied the mother's post-judgment motions, concluding that the mere scheduling of a post-termination visit by the Department did not warrant a new trial or relief from the judgment.

[¶11]  The mother filed a timely notice of appeal.  *See* M.R. App. P. 2B(c)(2).

## II.  DISCUSSION

[¶12]  The mother's sole contention on appeal is that the court abused its discretion in denying her post-judgment motions.  She contends that, in the days following entry of the judgment terminating her parental rights, she was contacted by the Department to schedule visits between herself and the children.  In her view, this constitutes newly discovered evidence sufficient to undermine the court's determination that termination of her parental rights was in the best interests of the children.  The mother argues, based on this newly discovered evidence, that the termination of her parental rights was "premature," and that the Department "should have continued the case, giving the mother the benefit of reunification services while the visits were carried out."

8

[¶13]  "We review the denial of a motion for a new trial deferentially for a clear and manifest abuse of discretion."  *In re Child of Erica H.*, 2019 ME 66, ¶ 15, 207 A.3d 1197 (quotation marks omitted).  To prevail on a motion for a new trial under Rule 59(a) based on newly discovered evidence, the burden is on the moving party to prove

> (a) that the new evidence is such that it will probably change the result upon a new trial, (b) that it has been discovered since the trial, (c) that it could not have been discovered before the trial by the exercise of due diligence, (d) that it is material to the issue, and (e) that it is not merely cumulative or impeaching.

*Id.* (alterations omitted) (quotation marks omitted).  Similarly, we review the denial of a motion for relief from judgment under Rule 60(b)(6) for an abuse discretion, and "will set aside the trial court's decision only if the failure to grant the relief works a plain and unmistakable injustice against the moving party."  *Ezell v. Lawless*, 2008 ME 139, ¶ 19, 955 A.2d 202; *see also In re Danielle B.*, 685 A.2d 770, 771 (Me. 1996).

[¶14]  In its order denying the mother's post-judgment motions, the court observed that issues concerning the mother's visitation with the children were fully litigated.  After considering all of the evidence presented, the court had determined that it was in the children's best interests not to be

subjected to the mother's inconsistency with respect to visitation.[3]  The court stated that this was not a case that "involve[d] the development of facts that make the best interest determination of the court a very close call."  The court concluded that the mother's "performance during reunification was so dismal and her instability over such a long period of time so profound, even if the court had been presented at trial with the Department's agent's opinion that a visit after a termination was in the children's best interest, such evidence would not have altered the outcome."  The court, having previously heard and reviewed all of the evidence in reaching its decision to terminate the mother's parental rights, was in the best position to assess whether this purported newly discovered evidence would have changed the result.

[¶15]  Based on the court's factual findings, which were fully supported by competent evidence in the record, we have no trouble determining that termination of the mother's parental rights was not "premature," as she now argues on appeal.  The record is clear that she was given the benefit of reunification services and visitation throughout this case, and she was unable to do what was required of her.

---

[3]  The court found, based on the evidence presented, that the issue seemed to be the mother's inconsistency with visitation, not necessarily the visits themselves.

[¶16]  We conclude that the court did not abuse its discretion in determining that the mother failed to sustain her burden on her post-judgment motions for relief from judgment and for a new trial, or in denying those motions.  *See In re Child of Erica H.*, 2019 ME 66, ¶ 15, 207 A.3d 1197; *Ezell*, 2008 ME 139, ¶ 19, 955 A.2d 202.

The entry is:

> Order denying mother's post-judgment motions
> affirmed.

---

John W. Tebbetts, Esq., Tebbetts Law Office, LLC, Presque Isle, for appellant mother

Aaron M. Frey, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Presque Isle District Court docket number PC-2017-31
FOR CLERK REFERENCE ONLY